JOHN M. BROME *vs.* MARY PEMBROKE, and others.

*Construction of Will—Trustee and Executor—Income—Expenditures.*

A testator devised as follows: "I will and bequeath to my friend, Dr. John M. Brome, all my property, both real and personal, in trust, for the support and education of my minor and unmarried children, to be so held in trust until the youngest child living shall arrive to the age of sixteen years, at which time I desire and will that my property shall be equally divided among both my married and unmarried children and their heirs." Dr. Brome was appointed trustee and executor, and was empowered to sell so much of the testator's property, either real or personal, as might be necessary to pay his just debts. The trustee and executor sold the whole estate, real and personal, and accounted therefor in the Orphans' Court, but claimed allowances for expenditures for the support and education of the unmarried and minor children largely in excess of the income of the estate. HELD:

1st. That no authority was given to the trustee to sell any part of the testator's estate, except in so far as it was necessary for the payment of his debts.

2nd. That the trustee was limited in his expenditures for the support and education of the minor and unmarried children of the testator, during the continuance of the trust, to the income arising from the estate.

APPEAL from the Circuit Court for St. Mary's County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued for the appellant before ALVEY, C. J., YELLOTT, MILLER, IRVING, and BRYAN, J., and submitted on brief for the appellees.

*Daniel R. Magruder*, for the appellant.

13                    v. 66.

*Robert C. Combs, Daniel C. Hammett,* and *Joseph F. Morgan,* for the appellees.

IRVING, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Saint Mary's County, overruling certain exceptions of the appellant to an auditor's report, and the ratification thereof. By that report certain amounts were awarded to the appellees as due from the appellant; and by the order appealed from the appellant was directed to pay the amounts awarded to the appellees. The funds in the appellant's hands arise from the sale of certain property devised to him in trust, by the will of Thomas W. Gardiner, and the propriety of the order appealed from, depends upon the proper construction of the will creating the trust.

The will, after the usual prefatory words, reads thus: "Second, I will and bequeath to my friend, Dr. John M. Brome, all my property, both real and personal, in trust for the support and education of my minor and unmarried children, to be so held in trust until the youngest child living shall arrive to the age of sixteen years, at which time I desire and will that my property shall be equally divided among both my married and unmarried children and their heirs. Third, I appoint and name my friend, Dr. John M. Brome, trustee and executor of this my last will and testament, authorizing him hereafter to name by will or otherwise, a trustee as successor to himself; and I also authorize and empower him to sell or otherwise dispose of so much of my property, either real or personal, as may be necessary to pay all my just debts."

The bill charges that the youngest child of the testator has arrived at the age of sixteen, *when,* by the terms of the will, the property is directed to be divided. It charges that the personal estate amounted to the sum of $3176.37, and that the debts of the testator amounted to $8713.60.

It also charges that the appellant sold the whole estate, real and personal, and accounted therefor in the Orphans' Court, but that he claimed allowances for expenditures, in support and maintenance of the unmarried and minor children largely in excess of the income of the estate, to which by law and the terms of the will, it is contended he was restricted. The lower Court sustained the view of the plaintiffs, and ordered an audit on that principle, and the order ratifying the same is the subject of this appeal.

Looking to the whole will, as we must do, for the real meaning of the testator, it is very clear that the lower Court was right in the construction thereof. It contemplates that the *minor and unmarried* children shall have all the proceeds of his property until the youngest child shall reach the age of sixteen. Then it provides for an *equal division* of his estate among *married and unmarried, minor and adult children.* He clearly did not design the property to be sold, except so far as the executor might find necessary to pay his debts; for the power of sale given to the trustee and executor, is wholly confined to that end. By giving authority to sell for one purpose, and one purpose only, there is a clear indication that he had no idea of authorizing a sale for any other purpose. Confined as we are to the language of the will for the purpose of ascertaining the intention, and construing the will, we can find nothing to support the theory that the trust of the executor was so broad and discretionary in its powers, that the trustee could exhaust the whole estate, if he found it necessary or desirable, in the support and education of the minor and unmarried children. If that were so he might deprive the married children of any participation in the estate at any time. A division of the estate was expressly directed when the youngest child should reach sixteen. He does not say he desires what is left to be divided. He says, " my property," meaning thereby manifestly the estate

left in trust, after paying the debts.　Evidently the testator overestimated the net proceeds of his estate annually to accrue, and did not provide for the contingency of the income being inadequate to the exigencies of his minor and unmarried children.　The necessities of the *cestuis que trust* could not justify the exercise by the trustee, of powers not conferred on him, and if, by mistake, he has exceeded his powers under the will, through erroneous interpretation of it, he must bear the consequences of his mistake, however hard it may seem for those who enjoyed the benefit of his unauthorized expenditures, to now receive the money again in specie.　The requirement of the will that there shall be a division at a particular time of his estate, necessarily excludes the idea that he was giving discretionary power to the trustee to sell, and leave nothing for division ; and as we before stated, the giving the power to sell for one purpose and one only, that power must be confined to that object for which it is given, to the exclusion of any other.　Beyond the payment of debts the corpus of the estate was not to be disturbed.　It was the clear general intent of the testator that married and unmarried children, whether minor or adult, should at the time designated, share equally in the distribution of his property.　The particular intent was that the minor and unmarried children, till a specified time, should enjoy the property or its fruits.　By no other construction than the one we accord the will can the two intents be gratified, which is always to be done if possible.　*Iglehart vs. Kirwan, &c.,* 10 *Md.,* 559 ; *Young vs. Trigg & Co.,* 27 *Md.,* 620 ; *Pue vs. Pue,* 1 *Md. Ch. Dec.,* 382 ; *Douglass vs. Blackford,* 7 *Md.,* 8.

Unless there was a latent ambiguity in the will resort cannot be had to extrinsic testimony.　Such testimony is not admissible to control the intention.　There was therefore no error in excluding it in this case.　*Warner vs.*

*Miltenberger's Lessee,* 21 *Md.,* 264; *Hawman and Wife vs. Thomas, et al.,* 44 *Md.,* 30.

The decree appealed from, must be affirmed.

*Decree affirmed.*