(Decided December 18th, 1894.)

---

JOHN M. WAHL *vs.* BESSIE W. BREWER AND
OTHERS.

*Equity—Declaring Future Rights in Property.*

A Court of Equity will not entertain a suit to construe a will, or declare
the rights of parties upon a state of facts which has not yet arisen,
nor upon a matter which is future, contingent and uncertain.

Where property is devised to one for life with remainders over, the
question whether the remainders are vested or contingent will not be
determined during the life of the life-tenant and before the time
arrives for the distribution of the estate, when there is no necessity
for a present adjudication of the question.

Appeal from the Circuit Court of Baltimore City.

John M. Wahl, by his will executed in 1888, and probated
the same year, in Baltimore City, gave his entire estate
to his wife, who is still living, for life. After his wife's death

his estate is disposed of in the manner indicated subsequently in his will. The 5th clause, under which the matter in controversy arises, is briefly as follows: The residue of the estate, upon the death of his wife, is given to his five children and his granddaughter, Marie Brewer, equally, the shares to the daughters and said granddaughter to be for their lives only; and then follows this language: "And immediately after the death of any of my said daughters or my said granddaughter, Marie, I give, devise and bequeath such share or shares to any child or children of such deceased daughter or daughters, or said granddaughter, Marie, or the descendant or descendants of such deceased daughter or daughters, or granddaughter, Marie. In the event of any of my daughters or granddaughter, Marie, dying without leaving child or children, or descendants of child or children, then I give, devise and bequeath the share or shares of such daughter, daughters or granddaughter, Marie, dying without issue, to my other children or their descendants, to take *per stirpes* and not *per capita*." The granddaughter, Marie Brewer, died subsequently to the testator, leaving at her death one child, a son; subsequently, this son died, leaving a brother and sisters of the half-blood, children of the son's father by a previous marriage. An original ground rent, a piece of the testator's real estate, was conveyed to the leasehold owner, who was entitled to purchase the same, and the purchase money was brought into Court for distribution. The widow of the testator conveyed her life estate in this particular ground rent to John M. Wahl, one of the testator's children; and John M. Wahl claimed to have distributed to him one-sixth of the proceeds of sale, as the representative of one of the six shares in the 5th residuary clause of the will; and also, in addition, to have distributed to him a one-fifth of a one-sixth share, upon the theory that the Marie Brewer share of the residuary estate went to the testator's children under the terms of the residuary clause.

The account stated below made this distribution, giv'ng the balance to the trustees under the will. The half-sisters

and brother of Marie Brewer's deceased child excepted to the account, alleging that John M. Wahl was not entitled to the one-fifth of the one-sixth share of the net proceeds, but that this share was vested in said deceased child, and they were entitled to the same as the heirs at law. The Court below (DENNIS, J.) ratified the account as to the payment of the proceeds to John M. Wahl, but sustained the exceptions filed to the distribution of the proceeds of sale as being of the share of Marie Brewer, because the time had not arrived for the determination of the question. From this order John M. Wahl appealed.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, PAGE, ROBERTS and BOYD, JJ.

*Joseph P. Merryman*, for the appellant, cited: *Small* v. *Marburg*, 77 Md. 11 ; *Lyles* v. *Digges*, 6 H. & J. 299 ; *Chilton* v. *Henderson*, 9 Gill, 426 ; *Handy* v. *McKim*, 64 Md. 560 ; *Clarke* v. *Smith*, 49 Md. 120 ; *Thomas* v. *Higgins*, 47 Md. 439 ; *Stump* v. *Jordan*, 54 Md. 630 ; *Stein* v. *Stein*, April Term, 1894.

*Thomas Hughes*, for the appellees.

So far as John M. Wahl is concerned, the question does not affect the enjoyment of property until distribution, and hence it is a determination of a question affecting future rights, which this Court will not pass upon. The Court will never entertain a suit to give a construction, or declare the rights of parties, upon a state of facts which has not yet arisen, nor upon a matter which is future. 3 *Pomeroy's Equity Jurisp.* 2d ed. sec. 1157 ; *Powell* v. *Demming*, 22 Han. 235 ; *Devecmon* v. *Shaw* and *Devries, Exrs.* 70 Md. 219, 227 ; *Heald* v. *Heald*, 56 Md. 300 ; *Woods* v. *Fuller*, 61 Md. 457, 460.

The estate in favor of the children of Marie Brewer was vested and not contingent upon her having issue alive at the time of the life-tenant's decease. This case is not distin-

guishable from *Cox* v. *Handy*, decided at the April Term, 1893, of this Court.

*Harry M. Benzinger* (with whom was *James S. Calwell* on the brief), for the appellee, Ann R. Wahl.

There is more than an existing propriety for the immediate decision of this question. It is manifestly a condition contemplated by the provisions of Art. 16, secs. 26-31, Code Public General Laws, and in a line with the views expressed by this Court. *Pennington et al.* v. *Pennington*, 70 Md. 430; *Wethered, &c.*, v. *Safe Deposit Co.*, April Term, 1894.

It is further contended by these appellees that it should go as audited—one-fifth to the appellant, the balance to the trustees under the will. This conclusion is reached upon the theory that, under the proper construction of the will of John M. Wahl, no *vesting* of the residue of his estate was to take place until after the death of the life-tenant. The appellees, Brewer, are not descendants of Marie Brewer or of her son, Joseph, and under the will of John M. Wahl they can take no interest, unless the Court decides that an absolute estate vested in Marie Brewer at the time of the death of the testator, contrary to the manifest intention of the testator. *Clarke* v. *Boorman*, 18 Wallace, 502; *Shore* v. *Wilson*, 9 Cl. & F. 525; *Abbott* v. *Middleton*, 7 H. L. C. 68; *Mercantile Trust Co.* v. *Brown*, 71 Md. 169; *Larmour* v. *Rich*, 71 Md. 383; *Bailey* v. *Love*, 67 Md. 603; *Engel* v. *Geiger*, 65 Md. 544; *Strauss* v. *Rost*, 67 Md. 476; *Demill* v. *Reid*, 71 Md. 191; *Herney* v. *McLaughlin*, 1 Price, 264; *Hill* v. *Rockingham Bank*, 45 N. H. 279; *Cox* v. *Handy* and *Boyd* v. *Sachs*, in this Court not yet reported.

ROBERTS, J., delivered the opinion of the Court.

The appeal in this case is taken from an order of the Circuit Court for Baltimore City, sustaining exceptions of certain of the appellees to the ratification of Auditor's Account A filed in this cause. The real question, however,

which it is sought to have this Court determine, arises out
of the proper construction of the fifth clause of the last
will of John M. Wahl, Sr.    This question is presented in
the following manner: Richard Hentschell filed his bill of
complaint in said Court against the appellant and appellees
as defendants, to redeem a ground rent, he being the owner
of the leasehold estate, the reversion being part of the
estate of John M. Wahl, Sr., deceased, which passed by
his said will.    The answers to the bill admit the plaintiff's
right to redeem, and the Court so decreed.    In pursuance
of the decree the plaintiff paid into Court the sum of five
hundred dollars and costs, in extinguishment of said ground
rent.    The case being referred to the Auditor to state an
account of the proceeds of sale, he allowed therein to John
M. Wahl, Jr., a son of said testaor, the one-fifth of the one-
sixth of the balance remaining for distribution.

This allowance was excepted to on the ground that he
was not entitled to the one-fifth of the one-sixth share of
the net proceeds of the purchase money, because the same
belonged to the heirs at law of the deceased son of Marie
Brewer, who are the children by a former marriage of
James R. Brewer, the surviving husband of the said Marie
Brewer.    This is the only question which the appellant
seeks to have passed upon by this Court, and it is the same
which the Court below refused to determine.    To a proper
understanding of the question, it will now be necessary to
refer to that portion of the will of the testator in contro-
versy, which is the fifth clause.    By this provision the resi-
due of the estate is given to his five children and his grand-
daughter, Marie Brewer, equally, the shares to the daugh-
ters and said granddaughter to be for their lives only, and
then follows this language: "And, immediately after the
death of any of my said daughters or my said granddaugh-
ter, Marie, I give, devise and bequeath such share or
shares to any child or children of such deceased daughter
or daughters, or said granddaughter, Marie, or the descen-
dant or descendants of such deceased daughter or daugh-

ters, or granddaughter, Marie. In the event of any my daughters or granddaughter, Marie, dying without leaving child or children, or descendants of child or children, then I give, devise and bequeath the share or shares of such daughter, daughters or granddaughter, Marie, dying without issue, to my other children or their descendants, to take *per stirpes* and not *per capita.*"

The granddaughter survived the testator, and shortly thereafter dying, left surviving her a son, who survived his mother but a short while, and died when about fourteen months old.

Shortly after the filing by Hentschell of his bill to redeem, Ánnie R. Wahl, the widow of the testator and the life-tenant, conveyed to the appellant all her interest in her life estate.

We fully concur with the Court below in ratifying the audit, except as to the allowance to the appellant of the one-fifth of the one-sixth of the balance for distribution. The Court in its order says: "The exceptions are sustained, but without prejudice to anyone, in raising this question at the time of the death of the testator's widow, as to the disposition of the share of said Marie, the time not having arrived for the determination of this question." The only question open in this appeal, is whether the time has arrived when the disposition of the share of said Marie ought to be declared.

The appellant's contention is, that the estate in remainder of Joseph Brewer, deceased son of the said granddaughter Marie, was contingent, depending upon his survivorship of the life-tenants, and so long as either of those life-estates existed, the contingency of his survivorship continued; and in that event the character of the remainder in him is determined by this collateral contingency, his survivorship of the life-tenants, and his living at the time of the determination of his life-estate ; that this determines the character of the estate in remainder in Joseph Brewer, the son of Marie, and makes it contingent.

If the appellant's theory be correct, that the character of the estate in remainder is contingent, whose rights will be concluded by any determination of the question at this time ? In so far as his rights are involved, the question is one of but small interest to him, whether it is determined now or at some future time, as it depends upon *his* being alive at the life-tenant's death. It certainly is a purely speculative surmise which the future alone will reveal, as to who may be the proper parties in the proceeding to determine the question now sought to have passed upon. As said in the argument, "we are contesting the question of vesting now, with the appellant, when, if he should be dead when the life-tenant dies, we may have to contest the same identical question with his descendants who are then living, and who would not be bound by any decree in this cause, as they are not parties herein."

It is well settled that a Court will never entertain a suit to give a construction or declare the rights of parties upon a state of facts which has not yet arisen, nor upon a matter which is future, *contingent* and uncertain. 3 *Pomeroy's Eq Juris* 2 ed. 1157 ; *Minor* v. *Taylor*, 129 Mass. 160; *Powell* v. *Denning*, 22 Hun. 235. This Court has announced the same doctrine in *Heald* v. *Heald*, 56 Md. 307 ; *Devecmon* v. *Shaw and Devries, Exrs.*, 70 Md. 235 ; *Woods* v. *Fuller*, 61 Md. 460.

Under the construction given by this Court in *Pennington* v. *Pennington*, 70 Md. 430, to the provisions of the Act of 1888, ch. 478, now embraced in the Code as secs. 26–31 of Article 16, sub-title, "Declaratory Decrees," we do not consider that this case can be properly considered as coming within the object sought to be accomplished by the passage of that Act. It follows that the decree below must be affirmed.

*Decree affirmed with costs.*

(Decided December 18th, 1894.)