## SARAH A. SMITH *vs.* LENA ELLEN HARDESTY AND WILLIAM F. HARDESTY, GUARDIAN.

*Devise and Legacy—Power to Devise Property among Certain Persons.*

Where property is given by will to a person for life with power to devise it among the testator's children, the life tenant has no power to devise the property to a grandchild, charged with the payment of a legacy to another person, although the testator's children have previously died.

Appeal from a decree of the Circuit Court for Calvert County (BRISCOE, C. J.)

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, ROBERTS, BOYD and PEARCE, JJ.

*John B. Gray,* for the appellant.

*J. Briscoe Bunting,* for the appellees.

PEARCE, J., delivered the opinion of the Court.

Sarah A. Smith filed a bill in the Circuit Court for Calvert County against Lena Ellen Hardesty, an infant, and Wm. F. Hardesty, her guardian, to enforce payment of a legacy of $200 bequeathed to the plaintiff by the will of Mary E. McIlhaney, and charged by said will upon the farm, which Mrs. McIlhaney by a subsequent clause of that will undertook to devise to Lena Ellen Hardesty, subject to the payment of said legacy. Wm. F. Hardesty, the guardian, in his answer admits the material facts averred in the bill, but resists the payment of the legacy upon the ground that Mrs. McIlhaney had no such estate in this farm as enabled her either to create any charge upon it by will, or to devise it to said Lena Ellen Hardesty, whose title thereto he claimed she derived under the will of Wm. I. Harrison. The

infant filed the usual answer by her guardian, the case was heard on bill and answer, and the bill was dismissed.

The question thus raised depends upon the construction of the will of Wm. I. Harrison—the first husband of Mrs. McIlhaney—under which will she took whatever estate she had in the farm in question. The material part of Wm. I. Harrison's will is as follows:

" I give and bequeath to my dear wife, Mary Ellen Harrison, all of the property, real, personal, and mixed, of every kind and description of which I may die possessed or in anywise entitled to, *during her natural life,* with *power* to sell and dispose of the same in such manner as she may desire, and to exercise all rights of ownership over the same without impeachment of waste, as fully as if the said property belonged to her in fee simple; with *power* also to devise the same at her death, *to my children* or *either of them,* in such manner as she may deem best; at the death of my wife, I give, bequeath and devise to my two children, all of my property that may remain undisposed of by my wife at the time of her death, or which she may not dispose of by last will and testament or otherwise, my said children, Fannie Eleanor and Sarah Elizabeth to take said property as tenants in common in equal proportions, and in the event of either of my said children (dying) before she arrives at the age of twenty-one years, without leaving issue living at the time of her death, then I give and bequeath all of the share of my estate of the child so dying; to the survivor of the same."

Wm. I. Harrison died in 1866 leaving a widow, Mary Ellen Harrison, and two children, Fannie Eleanor and Sarah Elizabeth, both infants. Mary Ellen Harrison subsequently married Robert McIlhaney and died in 1895, leaving a last will and testament. Sarah Elizabeth Harrison died in 1869 intestate and without issue. Fannie Eleanor Harrison married Wm. F. Hardesty, one of these defendants and died intestate in 1892, leaving two children, Lena Ellen Hardesty, one of these defendants, and William Guy Hardesty, both infants. The material part of Mrs. McIlhaney's will is as follows:

" I give and bequeath to my sister, Sarah A. Smith, the sum of $200, to be paid in four equal yearly payments out of the proceeds of crops raised on the farm hereinafter named."

" I give and bequeath to Lena Ellen Hardesty, my granddaughter, all that part of a tract of land formerly owned by, and the late residence of, the late Wm. I. Harrison, adjoining the lands of Dr. Samuel R. Bird and others, in fee simple, after the sum of $200, as named in the first item of this, my will, shall have been discharged from the rents and profits arising therefrom."

The construction of Wm. I. Harrison's will must control the disposition of this case, since Mrs. McIlhaney could take no *estate* in the farm in question, not devised to her by the terms of that will, and could execute no power in relation thereto not granted by it, and we perceive no difficulty in the construction of that instrument, which we think discloses in plain and unambiguous language the full intention of the testator.

His primary purpose was to provide amply for the comfort of his wife, who appears to have possessed his confidence in equal measure with his affection, and to this end he not only devised and bequeathed to her his whole estate during her life, but lest its income should at some period prove inadequate for this purpose, or its management become a burden, he gave her a power to sell and dispose of, or convert the same as she should think proper.   These provisions had exclusive reference to the comfort of his wife, and the power of sale and disposition thus conferred, meant only such disposition as should be effective in her lifetime and as should be designed primarily for her benefit and advantage.   Having thus provided for his wife, he proceeded to provide for their two children, both infants.   Believing that his wife was capable of exercising the discrimination in reference to their children, which differences in character, conduct and fortune sometimes warrant and even require of parents in the distribution of their estates, he entrusted to her the further power of devising the estate, or so much thereof as should remain undisposed of at

her death, to their two children, or either of them as *she should deem best.* As was said in *Myers* v. *Safe Deposit Co.,* 73 Md. 423: " She was to judge of the merits and needs of the objects of his bounty. She had the power of selection, and the power of exclusion, but she was to appoint (devise) the whole (remaining) estate to *some* of the objects, and for an *absolute estate.*" Finally, in the event of the failure of his wife, so to devise the estate remaining at her death, he devised the same to his two children as tenants in common, with an executory devise over to the survivor of the two children, in event of the death of either under twenty-one and without issue.

It is settled law that " where property is given to one expressly for life, and there be annexed to such gift a power of disposition of the reversion, the first taker takes but an estate for life, with the power annexed; and if the person so taking, fails to execute the power, the property goes, where there is no gift over, to the heir or next of kin of the testator, according to the nature of the property." *Foos* v. *Scarf,* 55 Md. 310. Or as stated by Mr. Preston, " where an express estate is limited, and a power of disposition, *either generally or in favor of particular persons,* is added, the person to whom the devise is made will have merely the *estate limited by the express words,* and the *right,* in point of *power,* but not of *estate,* of disposing of the remainder." 2 *Preston on Estates,* 82-85.

The only *estate* therefore taken by Mrs. McIlhaney in this farm was a life estate, and not having exercised during her life the general and absolute power of alienation given her during life, both the estate and the power of alienation, terminated with her death.

The power to devise at her death, was expressly limited to a devise to his children named in the will, or either of them, in her discretion. By giving authority to devise to these, and these only, there is a clear indication that he had no idea of authorizing a devise to any other. *Brome* v. *Pembroke,* 66 Md. 195. Such a power can only be exercised in the manner prescribed and limited by the will, and Mrs. McIlhaney having undertaken

to devise the property in disregard of these limitations, however meritorious her purpose, the attempted devise, and the legacy sought to be charged upon the property in connection with the devise, was nugatory as if no power of devising had been annexed to her life estate, or as if she had attempted to devise the property of an utter stranger. The power of devise thus attempted, not being that conferred by the will, and both Fannie Eleanor and Sarah Elizabeth having died in the life of Mrs. McIlhaney, Sarah Elizabeth being intestate, and without issue, the property passed to Lena Ellen Hardesty and Wm. Guy Hardesty, the two children and only heirs at law of Fannie Eleanor Hardesty, free and clear of the legacy to the plaintiff which Mrs. McIlhaney attempted to charge thereon.

The decree of the Court below dismissing the plaintiff's bill will be affirmed with costs above and below.

*Decree affirmed with costs above and below.*