# WILLIAM KENNEDY CARROLL *vs.* JAMES H. SMITH, Trustee.

*Absence of Power of Revocation in a Voluntary Deed of Trust—Declaration as to Future Contingent Rights—Confidential Relations—Irrevocability of Settlement of Property in Trust.*

It is not essential to the validity of a voluntary deed of trust that the grantor be advised as to the matter of inserting in it a power of revocation. When the question is whether the settlement was the free, determined act of the party making it, the absence of advice as to the power to revoke is only one of the circumstances to be weighed in deciding this question.

When a party executes a settlement of property in trust for the purpose of protecting himself from his own extravagance and incapacity, the reservation of a power of revocation would be inconsistent with the object of the deed.

The Court will not decide what the rights of the parties will be in the future upon the occurrence of certain contingencies which may never arise.

The rule in regard to gifts between parties standing in confidential relations to one another is not applicable to a case where one of the trustees in a voluntary settlement of property was the legal adviser of the grantor and such trustee takes no benefit under the deed.

A man conveyed real estate to trustees directing them, first, to pay the then existing debts of the grantor, then to pay a certain sum monthly to the grantor's wife, and the residue of the income to the grantor; after the death of the grantor to pay the whole income to his wife, and upon her death to sell the property and distribute the proceeds among the descendants of the grantor, and if no such descendants, then to pay certain legacies and transfer the residue to the Grand Lodge of Masons. Nineteen years afterwards the grantor filed the bill in this case asking that the deed be set aside, and alleging that he had executed it while excited by unfortunate habits impossible for him to control and by family difficulties now adjusted; that he did not intend to make an irrevocable settlement and if he had been advised that such was the effect of the deed he would never have executed it if in sound mind; that he had supposed the deed was a testamentary instrument revocable at his pleasure; that the testamentary provisions of the deed are unreasonable, improvident and unnatural; that he has reformed his former bad habits and is now capable of managing his property; that he has no decendants living, and that the Grand Lodge of Masons is incapable under its charter of taking the property. Upon demurrer, *held*, that since the bill does not aver that the deed was procured from the grantor by any fraud or any undue influence exercised upon him, or that he was not capable of executing a valid deed, the mere absence of the power of revocation does not render it invalid, but on the contrary such power would be inconsistent with the purpose designed to be accomplished.

*Held*, further, that there is nothing improvident or unnatural in the trusts declared.

*Held*, further, that the alleged incapacity of the Grand Lodge to take the gift can only be considered when its title becomes vested upon the death of the grantor and his wife without issue, and that the allegation that the Lodge has no vested interest in the property is immaterial since a contingent, as well as a vested interest may be created by a deed of trust.

Appeal from a decree of the Circuit Court of Queen Anne's County (MARTIN and BROWN, JJ.), dismissing the bill of complaint.

The cause was submitted to the Court on briefs by:

*Olin Bryan* and *J. H. C. Legg*, for the appellant.

*John M. Carter*, for the appellee.

PEARCE, J., delivered the opinion of the Court.

On December 31st, 1884, William Kennedy Carroll, then of Baltimore City, executed and delivered to James H. Smith and W. Frank Mitchell of Baltimore County, a deed, conveying to them, upon certain trusts declared in said deed, all his property, real and personal, of every description. W. Frank Mitchell subsequently died as alleged in the proceedings, and James H. Smith is now the surviving trustee. It does not appear in the record, but is stated in the appellant's brief, that Mitchell never entered upon the trust because he could not give the necessary bond; but Smith executed the necessary bond and entered upon the execution of the trust, of which jurisdiction was assumed by the Circuit Court for Baltimore County. Among the property conveyed by the deed mentioned, was certain real and leasehold property then in Baltimore County, but now in Baltimore City, and a farm of three hundred and seventy-five acres in Queen Anne's County. Sometime in 1902 or 1903, William Kennedy Carroll, filed in the cause in the Circuit Court for Baltimore County, a petition to have said deed of trust set aside and annulled, to which petition a demurrer was sustained, and the petition was dismissed, "without prejudice to the petitioner to file an original bill in a new and separate tribunal having jurisdiction thereof." Thereupon the bill in this case was filed in the Circuit Court for Queen Anne's County as a Court of equity. The trust declared by said deed, provided. 1st, for the payment of all debts then owing by the grantor. 2nd, after payment of debts and expenses, including the usual commissions to the trustees, for the payment out of the income of the trust estate, of the sum of fifty dollars per month to Margaret A. Carroll, the grantor's wife, during his life, and the residue of said income to the grantor during his life; 3rd, after the death of the grantor, to pay the whole income to Mar-

garet A. Carroll during her life, and upon her death to sell all the property and apply all the proceeds as follows: 1st to any children or descendants of the grantor; 2nd if no such children or decendants, then to pay certain legacies to certain relatives, if then living, and the residue to the Grand Lodge of Ancient Free and Accepted Masons of Maryland.

The bill alleges that this deed was without pecuniary consideration, and was executed while the grantor was laboring under excitement caused by unfortunate habits which it was impossible for him to control, rendering him incapable of sound judgment; that it was made for the sole purpose of providing for payment of his debts, and to put it beyond his ability, by rash act, while in that condition to strip himself of his property and leave him penniless; that he never intended to make an irrevocable settlement of his property, and that if he had been advised that such was the legal effect of the deed, he would never have executed it if in his sound mind ; that when the deed was made, his mind was excited by family difficulties and estrangements now happily adjusted, and in a moment of over zealous interest in an order of which he had just become a member; that he always supposed the deed was a testamentary instrument, and could be revoked at his pleasure; that W. Frank Mitchell was his confidential adviser and counsel, and he was not advised by him that he should reserve a power of revocation, and that from time to time since said deed was made, he had made a last will and testament; that when the deed was made, his income was ample for all his needs, and he had no reason to suppose it would be diminished, as it had always been uniform and was largely derived from a strong manufacturing company; that relying upon the continuance of that income, he had contracted obligations which he cannot now meet, dividends having been withheld by said manufacturing company during two years past, amounting to $7,000; that he used at least $7,000 of his income in improvements upon his Queen Anne's farm, enhancing its value to that amount; that "the testamentary provisions of the deed are unreasonable, improvident, and unnatural; that he has recovered

from the effects of his habits existing when the deed was made, and now believes himself capable of taking care of his property; that he has no child or descendant now living, and that he and his wife have reached that time of life when there is not the slighest probability that they will have issue born to them; that the Grand Lodge of Masons has no vested interest under said deed of trust, and he is advised, cannot under its charter receive the property designed for it by that deed; that all debts existing when the deed was made have been paid, and there is nothing due thereunder to the surviving trustee; and that he is advised, in event that said deed is not set aside, that he is entitled to have the same construed and its legal effect determined, so as to permit him to make such further disposition of this property by will as he may deem proper.

The prayer of the bill is, 1st, that the deed may be set aside; 2nd, that it be declared unreasonable, improvident and of no effect, and that the property therein be released from its further operation. 3rd, that if not set aside, the deed be declared a testamentary paper subject to revocation by last will and testament; and 4th, for such other relief as his case may require.

The wife, Mrs. Carroll, the surviving trustee, James H. Smith, and the legatees, other than the Grand Lodge of Masons, have all answered admitting the allegations of the bill and consenting to the relief asked. The Grand Lodge of Masons has demurred ; 1st, because no case is stated entitling the plaintiff to relief; 2nd, because of laches for a period of nineteen years; 3rd, because of acquiescence for a period of nineteen years; 4th, because the plaintiff created a spendthrift trust for his own protection with remainders over, which equity will protect. They demurred to the third prayer for relief, specially, because the deed of trust filed with the bill is not a testamentary paper and revocable as such.

The Circuit Court sustained the demurrer and dismissed the bill, and this appeal is from that decree.

Taking the prayers for relief in their inverse order, it will be observed that the appellant in his brief, on which he submitted

the case, has not alluded to the third at all, and we may reasonably infer that he designed to abandon it.    As was said in the opinion of the lower Court "the evident purpose of this prayer is to have determined whether Dr. Carroll can, by will, make a different disposition of the property from that made in the deed.    Dr. Carroll may make a will, but we fail to see how we can determine whether he can thus dispose of this property, until the will becomes operative at his death."    In *Wahl v. Brewer*, 80 Md. 243, this Court said "it is well settled that a Court will never entertain a suit to give a construction, or declare the rights of parties upon a state of facts which has not yet arisen, nor upon a matter which is future, *contingent*, or uncertain."

It is clear, therefore, that no relief can be granted on the third prayer.

The first and second prayers for relief are substantially the same, both directly assailing the validity of the deed, and may therefore be considered together.    Under the demurrer to the bill, all the facts properly pleaded are taken as admitted, but there is no allegation that the deed was procured through any fraud or misrepresentation practiced upon the plaintiff, nor that he was incapable of making a valid deed or contract, nor even that the conveyance was not his free and voluntary act; it is not even alleged that the execution of such an instrument was suggested to him by either of the trustees, or by any other person, and it may fairly be presumed that the idea and purpose originated in his own mind.

It is urged however that the relation of client and attorney, which the bill alleges existed between the plaintiff and Mitchell, one of the trustees named in the deed, being a confidential relation, must condemn this deed, and that it is immaterial that Mitchell never entered upon the execution of the trust.    This might be true if Mitchell had been made a direct beneficiary under the deed, but he took no such interest, and if he had qualified and entered upon the trust, the only benefit he would have taken would have been a share of the commissions, and in *Brown* v. *Mercantile Trust Co.*, 87 Md. 377,

this was said to be compensation for services, and not a benefit granted by the deed. This objection therefore cannot prevail. But it is further urged that his attorney did not advise him a power of revocation should be inserted in the deed, and that under these circumstances its absence is fatal to the deed. Upon this subject, this Court quoted with approval from *Toker* v. *Toker*, 3 DeG. J. & S. 491, in which LORD JUSTICE TURNER said, "it is going too far to say that no voluntary settlement can be valid unless the settlor is advised there should be a power of revocation inserted in it. What the Court has to be satisfied of in these cases, I apprehend, is that the settlement, whether containing, or not containing, a power of revocation, is the free determined act of the party making it; and the absence of advice as to the insertion of a power of revocation is a circumstance, and a circumstance merely, to be weighed in connection with the other circumstances of the case."

It is clear from the averments of the plaintiff's bill that this deed was made to avert the dangers he feared from "unfortunate habits" which he confessed, and which he declared "it was impossible for him to control," and that his purpose was, in his own language, "to place his property in a position to secure him the benefits of its income for his comfortable maintenance, and *to put it beyond his ability, by rash act, while in that condition, to strip himself of his property, and leave him penniless.*" The insertion of a power of revocation in a deed made for such considerations as Dr. Carroll says controlled him in its execution, would have been plainly inappropriate. "A spendthrift trust revocable at the pleasure of the donor could afford no security whatever." *Brown* v. *Mercantile Trust Co., supra.* It was security against himself which he sought, and it could only be found in the execution of an *irrevocable* instrument, staying his own misguided hand, and protecting him as well against the recurrence, as the continuance of the unfortunate habits to which he referred. The appellant in his brief relied largely on this branch of the case upon four cases, viz.: *Guernsey* v. *Murray*, 24 N. J. 243; *Aylesworth* v. *Whitcomb*, 12 R. I. 298; *Russell's Appeal*, 75 Pa. St. 269; *Rick'* *Appeal*, 105 Pa. St. 528.

These cases were all considered by the Court in *Brown* v. *Mercantile Trust Co.*, *supra*; and were there declared not to be in conflict with the principles decided in that case, and having now re-examined them we agree with that statement. This case in our opinion falls so clearly within the decision in *Brown* v. *Mercantile Trust Co.*, and the later case of *Rogers* v. *Rogers*, 97 Md. 573, that no other authorities and no further consideration can be required upon the main proposition of the appellant as to the absence of a power of revocation.

We find nothing improvident or unnatural in the character of the trusts declared. To the contrary, they make just such provision for those who were, or might become, dependent upon him, as should have been expected from a man of Dr. Carroll's intelligence and character, providing in the first place, a liberal allowance for his wife during his life, with a reservation of the residue of the income to himself during his life, but giving the whole income to her after his death; providing that if he left children or descendants, the whole estate should go equally to them, and in default of children or descendants, after providing legacies for certain collateral relatives of himself and wife, giving the residue of the estate to the Masonic Order of which he was a member. We cannot characterize this ultimate disposition as either improvident or unnatural. Such devises, bequests and gifts are not uncommon, and when not made in prejudice of the natural claims of close kindred, are not proper subjects of criticism by Courts.

Finally, it is urged that the Masonic Lodge, "has no vested interest, nor any right in the property conveyed by the deed of trust," and that "it cannot under its charter receive property of such character and description," and that this is admitted by the demurrer. But conclusions of law are not admitted by demurrer, although alleged in the bill. *Young* v. *Lyons*, 8 Gill, 163. But if admitted they would not avail the appellant here. A contingent, as well as a vested interest, may be created in a valid deed of trust, and will be equally sustained, if otherwise free from objection.

The alleged incapacity of the Masonic Lodge to take the

property mentioned in the deed is not now before the Court, and can only be considered when its title becomes vested upon the death of Mrs. Carroll, and of Dr. Carroll without issue. *Wahl* v. *Brewer, supra.*

For these reasons the decree of the Circuit Court will be affirmed.

> *Decree affirmed with costs to the appellee above and below.*

(Decided November 16th, 1904.)