# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed October 26, 1920.

ANNIE J. REVILLE, EXECUTRIX, ETC.,
VS.
ANNIE J. REVILLE, ET AL.

*James W. Chapman, Jr.*, for plaintiff.
*Haman, Cook, Chesnut & Markell, T. B. Williams* and *Duvall & Baldwin* for defendants.

DAWKINS, J.—

Mrs. Sophia L. Johnson departed this life about March, 1916. No paper of a testamentary nature was found among her effects, whereupon her daughter, Annie J. Reville, was duly appointed administratrix of Mrs. Johnson's estate. In due course (about May, 1917), the administratrix made distribution of the estate (which consisted entirely of personalty) in the Orphans' Court of Baltimore City among the heirs of the decedent. The distributees have received their several portions of the property so distributed. Some months after these occurrences a will made by

Mrs. Johnson about twenty years ago was found among the papers that were in custody of an associate of her former attorney who had received it for safekeeping. The attorney with whom it had been left by the decedent predeceased Mrs. Johnson. This will was filed and probated in the Orphans' Court. The said Annie J. Reville was named as executrix in the will and as such qualified and took out letters testamentary. As her first act she notified the several distributees under the administration account to return the several amounts received by them, but none of them returned the same. The only children of the deceased at the time of making her will and at the time of her death were the five named in the will, all of whom are still living. At the time the will was made there was one grandchild and at the time of her death there was another grandchild. Both of said grandchildren are still living.

In this situation the bill has been filed in this case by the former administratrix and executrix and trustee under the will praying this court to take jurisdiction in the premises and direct the further administration of the estate and to construe and interpret the said will.

The factum of the will has been clearly established though it is possible that the deceased had overlooked that it was in existence. All of the distributees have shown their ability to return the property received by them under the distribution made. The principal question to be determined in the case is the meaning and intent of the following portion of said will:

"That after all my debts and funeral expenses have been paid I give, devise and bequeath unto my daughter, Annie Reville, and her successors, all the rest and residue of my property, real and personal, except wearing apparel, *In Trust and Confidence, Nevertheless,* for the following uses and purposes: To pay to each of my five children, Annie, Lily, Ida, Louise and John, share and share alike, during the natural life of each, as often at least as semi-annually the net income from said estate, and after the death of any, his or her share of said income to his or her issue, if any, and in case of any dying without issue, then her or his share of said income to the survivors or survivor, of my said children, and after. the death of said surviving child, then my entire estate to the person or persons absolutely and free of this trust, who, under the existing laws of Maryland would be entitled to take from me if I had died intestate. *And* for the purpose of properly administrating the trust hereby created I hereby authorize my said trustee and her successors, to sell, if expedient, any of my said estate for the purpose of reinvestment, the purchaser or purchasers not to be required to see to the application of the purchase money or moneys. And also for her and their services as trustees hereunder, the usual compensation allowed in such cases."

It was suggested at the hearing that the trust is void, but as its validity has been admitted in the able brief furnished by counsel for some of the defendants it does not seem necessary to discuss that as there appears no doubt as to the validity of the trust for the purposes intended. The trust being a valid one, what is its life and meaning? The law fixes the vesting of estates at the earliest possible moment. It is perfectly true that unless there is something in the will itself or in the surrounding circumstances to indicate a later point of time for the vesting it will take place at the death of the testator.

The will could have by slight addition very clearly indicated what was in the testatrix's mind, but her intention is fairly deducible. It was clearly her intention to divide her property among her children, but to keep it intact, and to let it remain in the hands of a trustee during the lives of said children with the probable thought that if any one of them died and left children they should have the benefit of the parent's portion, but if any one so dying should not leave "issue" then her other children should have the benefit of the income from the whole estate. There could be no doubt that the estate was to remain as a whole and in trust until the last of the children died, whether or not there were any grandchildren. It is equally clear that when the last child died the trust would terminate without regard to others who may have participated in the income of the trust estate during its life. When the last child dies the entire estate is to be distributed "to the person or persons absolutely and

free of this trust who under the existing laws of Maryland would be entitled to take from me if I had died intestate" at that time. If this view is correct the "remote kindred" suggested will have no part in the distribution at any time unless the vicissitudes of life should present the situation at the time of the death of said last child that there was no one to take but "remote kindred," in which event it would be a contingency that the will probably could not have taken care of but one that the decedent has left for the laws of Maryland to provide. The cases cited have been carefully examined, but they do not seem to meet the situation here presented. The principle relied on in 30 Miss. 533, Harris vs. McLaren, that the remainder to a class is vested in each member and is not determined by a member's death during the continuance of the particular estate, but is transmissible and that the title cast by the will is the supreme title is perfectly true, but that is not the situation now confronting us.

This estate is placed in trust for the definite purpose heretofore stated with the limitation stated, and with a definite disposition—if that contingency fails to arise. There is no fact or circumstance that shows that the estate or the income therefrom was to be changed until the last child died.

Accrued shares will not resurvive, nor will the construction now given bring about any such situation for no shares become accrued until one of the children dies without issue, then it falls into the estate as the rest of the trust property to be finally distributed as the will directs. This will clearly indicates the later period as the time for vesting. Marshall vs. Safe Deposit and Trust Company, 101 Md. 1. A testator may devise a life estate and leave the remainder to a class that would include the one who takes the life estate, the latter would take with the others subject to the limitations imposed. 99 Md. 50, Robinson vs. Mitchell.

As the interest of the grandchildren, if any survive the children, is rather a contingent one, it might seem unnecessary to discuss their interest at this time, 80 Md. 237, Wahl vs. Brown, but if the views already expressed are correct this contingency has been anticipated as indicated.

The court will assume jurisdiction and further administration of the trust. The trustee named in the will having declined to serve and the Safe Deposit and Trust Company having been appointed trustee in her place, said trustee will be confirmed as such with full power to carry out the purposes of the will in conformity with the views heretofore expressed.