## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed April 20, 1927.

JOHN W. HAWKINS, ET AL.,
VS.
PIERRE MOWELL GHENT, ET AL.

*B. Harris Henderson* for plaintiffs.

*Howard Sweeten, Adolph Schoeneis* and *Charles F. Harley* for defendants.

STANTON, J.—

The questions to be decided in this case arise out of the terms and conditions of a deed of trust dated December 13th, 1876, from Amanda M. Hawkins and her husband, to Augustine J. Dalrymple, a copy of which is filed as an exhibit in the case. The deed of trust conveyed the property to said Dalrymple in trust for the sole and separate use of Amanda M. Hawkins during her life, "with full power to the said Amanda to devise and bequeath the property, or any part thereof, or any estate or interest therein, to and for the use and benefit of such of her children and descendants, and in such proportions as she shall see fit, etc." Mrs. Hawkins attempted to exercise the powers conferred by the deed of trust in her last will and testament, which was executed on May 2nd, 1912. Mrs. Hawkins died February 22nd, 1924, and her will was probated February 26th, 1924.

The income on the estate was paid to her during her lifetime, first by the trustee Dalrymple, until his death, some time in July, 1895; and after that by Alexander H. Robertson, who had been appointed trustee by Mrs. Hawkins, in the place and stead of Dalrymple, deceased, under a deed dated August 6th, 1895.

The trust was brought under the jurisdiction of this Court on August 7th, 1895; and has been administered under its supervision since that date.

The question for determination by the Court is whether Amanda M. Hawkins by the 8th, 9th, 10th and 11th clauses of her last will and testament, in attempting to exercise the powers contained in the deed of trust, violated the rule against perpetuities? They provide in effect, that the trustee shall divide the income into four equal parts, and to pay (to cite one instance) the income from one of such parts to a named granddaughter for life, and in the event of the granddaughter dying, in the lifetime of her father, the annuity to be paid to the father for life—the father being also the son of the testatrix. The other gifts are similar.

There are many cases in this State where the rule against perpetuities has been considered. Each case has turned on some particular set of facts or circumstances.

In the case now before the Court, the gifts for the life of the granddaughter and the life of the son are valid. They are all life estates, which vested or began within life or lives in being at the time of the execution of the deed, or within twenty-one years thereafter; that is to say the testatrix was living at the time of the execution of the deed of trust, and the life estates vested at her death.

This appears to be the effect of the decision of the Court of Appeals in Gambrill vs. Gambrill, 122 Md. 563; and would surely be true if the annuity should be considered a portion of the life estate.

The provision in the 11th clause, by which after the death of any of the children of the testatrix, the share was to be held for twenty years, raises a question which probably should not now be decided.

"It is well settled that a Court will never entertain a suit to give a construction, or declare the rights of parties upon a state of facts which has not yet arisen, nor upon a matter which is future, contingent and uncertain." Wahl vs. Brewer, 80 Md. 243.

The wisdom of this rule is illustrated in the history of this proceeding, since it has been necessary to add three new parties who were children born while this proceeding has been pending.

However, even if the future limitations are not good, it would not affect the life estates.

The Court does not accept the contention that the deed of August 6th, 1895, was the creation and beginning of the trust. A reading of that deed would indicate an intention to do nothing more than appoint a new trustee in the place and stead of a deceased trustee, to continue a running trust, under the powers and duties set out in the deed of December 13th, 1876.

The power given to Amanda M. Hawkins under the deed of trust authorized her to create an equitable estate instead of a legal estate. The case of Myers vs. Safe Deposit and Trust Co., 73 Md. 413; and the case of Smith vs. Hardesty, 88 Md. 390, do not govern; but rather the case of Torrence vs. Torrence, 4th Md. 12; cited in 73 Md. 419; and other similar cases govern the facts of this case.

A decree will be signed in accordance with the foregoing memorandum; and also directing the sale of the farm in Baltimore County, it appearing from the evidence that it would be to the interest and advantage of all the parties to the cause.