Van Vorst, J.
This is an action for the construction of the will of Mortimer Ward, deceased. The testator died leaving a large estate ; it was, however, principally personal. The question which has been chiefly litigated is whether the will creates a trust in the executor and executrix over the residuary estate, and if so, the extent of the trust. There,is no express gift in words of the estate to the executors in trust ; nor is it neceasary for the creation of a trust in them that there should have been. It would be enough, to work such result, if upon a consideration of the whole will, in the light of the duties to be performed by the executors, it should clearly appear that it was the *257 intention of the testator to vest the title to the property in them, or that it was necessary for the proper discharge of those duties.
Where a trust is necessary to effectuate the valid purposes of a will, and there is language in the instrument sufficient to justify it, a trust will be implied, and the court will enforce it. Dominion over an estate, acts to be done and duties to be performed, created and imposed by a testator, may be of such a nature as by a necessary implication to create a trust in the executors for the purposes of the will, to continue until the acts are done, and the duties are performed. The testator, by the first clause of his will, gave to his wife “the use and income of all his real and personal estate, during her natural life, should she not marry again, subject to certain charges. From this it is urged by her learned counsel, that the widow takes a legal estate in the realty, and is entitled to the actual possession and control of the personal property for life. This would be so, undoubtedly, unless a consideration of the whole will showed a contrary intention ■ in the testator. An absolute, unqualified devise of the rents and profits of land for life is but a devise of the lands for the same peiiod.
In Craig v. Craig (3 Barb. Ch. 76, 94,) the testator gave to his daughter, Mrs. Hudson, for life, the income and assets of a fixed part of his estate. It was held that she did not succeed to the legal title, but that the same was in the executors in trust. In that case, however, the will provided, that the “income and assets” were to be paid to her by the executors.
In the case under consideration, there is no such express direction, and the question arises, what was the testator’s intention, and does the will by implication show that the widow was to receive the income from the executors? Would the legal title in the- *258 widow, to the real and personal estate for life, conflict with other parts of the will, or present an obstacle to the proper performance of duties in respect to the property with which the executors are expressly charged, such duties involving the control, manage-1 ment and disposition of the estate ?
The testator afterwards in his will declares : “ And if my wife should marry again, I give and bequeath to her in lieu of all dower $10,000 in money to be paid to her by my executors hereinafter named, and they are authorized to dispose of any of my property to pay the amount.” This plainly enough indicates that the executors were themselves to hold the property with a right to dispose of ft, or sufficient thereof to meet a contingency which might happen in the future —the re-marriage of his wife.
Again, the testator directs that, upon his two sons arriving at the age of twenty-five years, each should receive, real or personal estate, equal to $10,000, or instead an equivalent in money of $10,000, and his executors were authorized to dispose of any of his property to pay such legacies; and, further, that if his executors should deem it necessary and advisable for the better security and interest of his estate to change the investment of his property, they were authorized to dispose of all or any part of it, and invest the pro-needs in United States government, New York State, or New York city bonds registered, or on good bond .and mortgage on New York city or Brooklyn city improved property, in sums of not more than $10,000 each, upon property at a moderate value worth at least double the amount. The power here conferred is large, and the discretion as to the conversion of the estate is co-extensive with the estate itself, and is to be exercised by the executors for its better investment and security.
It is true that the realty might be sold by the *259 executors for the purposes of distribution under a mere power, unauthorized by the legal title. But the real estate is inconsiderable in comparison with the personal. But what the executors are called upon to do, is more than the exercise of a simple power. The proceeds are to be invested by the executors in registered bonds and in bonds and mortgages. These securities, for convenience and for convertibility, should be taken in their names. Investments once made, if the security should require it, or bonds be paid off, would require further re-investment. It is quite clear from the whole will, that the duty in this regard would devolve upon the, executors, and that they are to hold the estate for the remaindermen.
The testator’s intention is made sufficiently clear by the codicil to his will, in which he expressly declares that the executors named therein are his trustees for the purpose of carrying out any of its provisions.” Being therefore entitled to the possession of the personal estate, upon the duties and trusts above mentioned, and to hold it for the purposes of the will, and having the power to sell and convert the realty into personal property for investment, the executors holding the property must necessarily collect the income, and from them the beneficiaries must receive it.
The relation and duties of executors under a will are regulated by statute and well settled rules of law. Such duties can be discharged, the affairs of the estate can be settled, distribution of the assets made, and the executors discharged, within a reasonably short space of time. But under this will, duties are enjoined and responsibilities are created, involving the exercise of discretion, care and judgment, with regard to invest-' ment of the whole estate, and the holding of the same for indefinite periods of time, out of which spring liabilities to which executors, as such, are not exposed. *260 These are incidents of estates held in trust, and are duties and liabilities which trustees assume. The testator was a business man, and he deemed it proper that these responsibilities should not fall upon his wife alone, and hence he joined his brother with her as executor and trustee, that the management of the estate might have the benefit of his experience and services.
There are many cases in the books which discuss the subject of the creation of trusts under wills. Trusts will not be declared by the courts unless the language of the will determines such to be the testator’s intention. But the result above reached, upon the facts of this case (and each litigation of this nature rests upon its own peculiar facts), I believe to be in harmony with the current of authority, and with the general rules running through the cases (Savage v. Burnham, 17 N. Y. 561; Tobias v. Ketchum, 32 Id. 319 ; Low v. Harmony, 72 Id. 408 ; Vernon v. Vernon, 53 Id. 351).
In Robert v. Corning, 89 N. Y. 225, a rule is deduced and formulated in these words, in the opinion of Andrews, Ch. J.: “A trust will be implied in executors when the duties imposed are active, and render the possession of the legal estate in the executors convenient and reasonably necessary, although it may not be essential to accomplish the purposes of the will, and when such implication would not defeat, but would sustain the dispositions of the will.” This rule covers the case under consideration.
It is evident that the trust in the executors continues during the lifetime of the widow, and in the event that she should re-marry, her re-marriage, even, would not defeat the trust. It is needless, however, to discuss the effect of the re-marriage of the widow, upon her own interests under the will. It would be gratuitous to pronounce in advance the legal conse *261 quences of an event which has not happened and may never occur.
But the trust does not end with the life of the widow, but will continue during the lives of the testator’s two sons, and the remainder will be held and preserved by the trustees, and the survivor of them, for those to whom it is in the end, and after her death, given. The trust works no illegal suspension for a period beyond two lives. As to the income, it is in substance, after the death of the widow, to be separated into two shares, each son taking a half part thereof (Monarque v. Monarque, 80 N. Y. 320; Wells v. Wells, 88 Id. 323).
By the terms of the will the widow takes the household furniture absolutely, and all the income of the estate for life should she not marry again. This income, collected by the trustees, must be paid over to her ; but she takes this income subject to the charges which have been by the testator impressed upon it, in, her hands, and these charges should be paid and satisfied by her thereout. The provisions for the support and education of the testator’s two sons, during the time and under the conditions and limitations imposed by him, must be met by the widow out of the income of the estate received by her. The provisions made in favor of the testator’s aged mother, sister and aunt, in themselves considerate, are also charges upon this income in her hands, and the duty and obligation is cast upon .the widow to make such necessary provisions for these persons as the testator clearly intended. In this she will doubtless be aided by her co-trustee.
It is not for the court at this time to assume that this will not in good faith be done, nor to indicate the sums, as is now asked, to be paid to the beneficiaries. The amount rests much in the discretion and judgment of the widow in the light of their needs. These provisions are not simply recommendations. They embody *262 the testator’s kind intentions and will towards those who had a natural claim upon his bounty. To such claims he yielded in making these provisions, and in the event of any failure to carry them out in good faith, they may be enforced by the judgments of this court (Johnson v. Cornwall, 26 Hun, 499 ; Tolley v. Greene, 2 Sandf. Ch. 91 ; Lawrence v. Cooke, 32 Hun, 126).