# Cases

# FIRST DEPARTMENT

IN THE

## APPELLATE DIVISION,

### July, 1905.*

In the Matter of Proving the Last Will and Testament of CHAR-
LOTTE A. MOUNT, Deceased, as a Will of Real and Personal
Property.

MARIA L. MOUNT and Others, Appellants; JOSEPH M. ADRIAN and
Others, Respondents.

*Will — when the provisions of a trust in favor of a life beneficiary are independent
and do not depend upon the validity of other provisions thereof — when the rights
of parties in remainder should not be determined on the admission of a will to
probate.*

The 9th and 10th clauses of the will of a testatrix provided as follows:

"*Ninth.* I give devise and bequeath all the rest, residue and remainder of
my estate, real and personal of what nature or kind soever, and wheresoever
situated to my executors who shall qualify as such under the Thirteenth clause
of this my will as trustees upon the following trusts:

"To lease and manage the real estate, to invest and reinvest the personal
estate, to collect and receive the rents, interest and income of such real and
personal estate, and to pay over to my sister Susan the entire net amount of
such rents, interest and income during the term of her natural life. Immedi-
ately after the death of my said sister, my said executors or the survivor of
them, as such trustees, shall divide the said residuary estate (real and personal)
into as many shares of equal value as will make one for each of the children
then living of my nephew, Richard H. Mount and one for the lawful issue col-
lectively of each of the children of my said nephew (if any) who may then have
died leaving such issue, and shall set apart one of such shares to each child
then living, and one to such issue collectively of each deceased child, which

---

*The other cases of this term will be found in volume 106 App. Div.— [REP.

shares shall be designated as the property of such parties respectively and my executors shall keep separate accounts of such respective shares.

"My said executors as such trustees shall pay over to the children of my said nephew if then of the age of twenty-five years, otherwise on their arriving at that age, the net income of the shares so set apart to them respectively during the period of their respective lives and after their deaths respectively they shall distribute and pay over such shares to the issue of such children respectively in equal portions *per stirpes*.

"My said executors and trustees shall pay over to and distribute among the issue of any deceased child or children of my said nephew who shall at the death of my said sister Susan be of the age of twenty-five years, otherwise as soon as they respectively attain that age, their respective portions of the share so set apart to such issue collectively.

"*Tenth.* I order and direct that my executors or the survivors of them, as such trustees, upon completing the division of my real and personal estate as hereinbefore directed, execute and deliver to each child or other person entitled to the use of any portion thereof a sufficient deed or declaration in writing specifying particularly the several parcels of real estate and also the personal property embraced in his or her share of my estate. They shall also on paying over and distributing the said shares to the persons respectively entitled thereto, execute all such deeds, conveyances and transfers of the real and personal estate as may be necessary fully to carry into effect such distributions."

The testatrix was survived by her sister, Susan Mount, by her nephew, Richard Mount, and by two adult sons of the latter.

*Held*, that the trust created for the benefit of the testatrix's sister was valid, and, being independent of every other provision of the will and of any general plan or scheme of testamentary disposition, should be sustained independent of the validity of the other trusts;

That if other children of Richard Mount should be born after the death of the testator and during the life of Susan Mount, the trusts attempted to be created for such after-born children would be void;

That the decree admitting the will to probate should simply adjudge the validity of the trust, created in personal property, during the life of Susan Mount, and should not attempt to determine the validity of the provisions contained in the will as to the disposition to be made after the death of Susan Mount of the personal property embraced within that trust, but that that question should be left for determination until her death.

APPEAL by Maria L. Mount and others from portions of a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 8th day of March, 1905, admitting to probate the last will and testament of Charlotte A. Mount, deceased.

The testatrix, by her last will and testament, provided as follows:

"*First.* I give and bequeath to the New York Historical Society Two Thousand Dollars.

"*Second.* I give and bequeath to the Orphans' Home of the Protestant Episcopal Church in East Forty Ninth Street, New York City Two Thousand Dollars.

"*Third.* I give and bequeath to the Right Reverend Abiel Leonard Bishop of Utah or his successor or successors in office for the purchase of a plot of ground in Salt Lake City for Church purposes Five Thousand Dollars.

"*Fourth.* I give and bequeath to Ellen C. Patten, of Bloomington in the State of Indiana, Three Thousand Dollars.

"*Fifth.* I give and bequeath to my nephew, Richard H. Mount, One thousand dollars per year to be paid to him by my executors during the period of his natural life in quarterly payments.

"*Sixth.* I give and bequeath to Clarence M. Davis Five Thousand Dollars.

"*Seventh.* I give and devise to my Executors the lot and building thereon known as No. 239 West Fourteenth Street in the City of New York which they shall hold as trustees upon the following trust, viz: to collect and receive the rents thereof and after paying therefrom taxes, insurance, repairs and charges of agency to pay the net amount of such rents to Charlotte M. Rowly,* during the period of her natural life. In case she should die leaving lawful issue her surviving such issue shall collectively take her share. In case the said Charlotte M. Rowley die without leaving lawful issue the said premises 239 West Fourteenth Street shall become part of my residuary estate and be disposed of as directed in the Ninth clause of this my will.

"*Eighth.* I give and devise to my sister Susan absolutely all real estate owned by me not situated in the City of New York; I also give and bequeath to my said sister my library, furniture, clothing, apparel, plate, jewelry, paintings, statuary and all other works of art and articles of virtu owned by me.

"*Ninth.* I give devise and bequeath all the rest, residue and remainder of my estate, real and personal of what nature or kind soever, and wheresoever situated to my executors who shall qualify as such under the Thirteenth clause of this my will as trustees upon the following trusts:

"To lease and manage the real estate, to invest and reinvest the

FIRST DEPARTMENT, JULY, 1905.          [Vol. 107.

personal estate, to collect and receive the rents, interest and income of such real and personal estate, and to pay over to my sister Susan the entire net amount of such rents, interest and income during the term of her natural life. Immediately after the death of my said sister, my said executors or the survivor of them, as such trustees, shall divide the said residuary estate (real and personal) into as many shares of equal value as will make one for each of the children then living of my nephew, Richard H. Mount and one for the lawful issue collectively of each of the children of my said nephew (if any) who may then have died leaving such issue, and shall set apart one of such shares to each child then living, and one to such issue collectively of each deceased child, which shares shall be designated as the property of such parties respectively and my executors shall keep separate accounts of such respective shares.

" My said executors as such trustees shall pay over to the children of my said nephew if then of the age of twenty-five years, otherwise on their arriving at that age, the net income of the shares so set apart to them respectively during the period of their respective lives and after their deaths respectively they shall distribute and pay over such shares to the issue of such children respectively in equal portions *per stirpes*.

" My said executors and trustees shall pay over to and distribute among the issue of any deceased child or children of my said nephew who shall at the death of my said sister Susan be of the age of twenty-five years, otherwise as soon as they respectively attain that age, their respective portions of the share so set apart to such issue collectively.

" *Tenth.* I order and direct that my executors or the survivors of them, as such trustees, upon completing the division of my real and personal estate as hereinbefore directed, execute and deliver to each child or other person entitled to the use of any portion thereof a sufficient deed or declaration in writing specifying particularly the several parcels of real estate and also the personal property embraced in his or her share of my estate. They shall also on paying over and distributing the said shares to the persons respectively entitled thereto, execute all such deeds, conveyances and transfers of the real and personal estate as may be necessary fully to carry into effect such distributions.

"*Eleventh.* I authorize the trustees of said shares respectively to make leases of any lands, being part of any such share for such term of years (not exceeding five) at such rents and with such stipulations and agreements therein as they may think advisable ; such leases shall commence in possession within one year after the making thereof and in the lifetime of the person during whose life the land is devised in trust to such trustees ; and if made for more than three years, such leases shall be made with the written consent of such person if then of the age of twenty-one years ; I also authorize them to do every other act in relation to said trust estates which in their discretion they may deem beneficial thereto, and which they might do if the same belonged to them in fee simple, provided such acts shall not be inconsistent with the trusts, directions or devises in this my will contained and I further declare that such trustees shall not be personally liable for the defaults of each other but each shall be answerable only for his own bad faith or gross negligence.

"*Twelfth.* I further direct that all powers and trusts hereby given to or reposed in the trustees of the said shares respectively may be executed by a majority of the trustees for the time being, whether such trustees are the survivors or those herein named or trustees hereafter appointed to execute the said trusts and I further direct that when the number of trustees of any trust hereby authorized shall be reduced by death, resignation or other cause to less than three persons, then from time to time the surviving or remaining trustees or trustee of the same trusts respectively shall (with the approval of the *cestui que trust* if of full age) increase their number to not less than three nor more than five persons by selecting suitable persons to act as such trustees and by executing suitable deeds of conveyance and appointment for that purpose, and upon the same trusts in all respects as are contained in this my will in relation to said trust shares respectively.

"*Thirteenth.* I hereby appoint Pelham St. G. Bissell, Charles Slason Platt, Joseph M. Adrian and Edward H. Mount executors of and trustees under this my last will; and I direct that the other sons of my nephew, Richard H. Mount, when and as they respectively arrive at the age of twenty-five years shall in like manner become executors of this, my will and trustees of the trust estates herein created ; and the surviving or remaining trustees shall from

time to time (if it be found necessary) cause any conveyances to be made which may be requisite to vest the said trust portions of any part of them in themselves and such new trustees jointly for purposes expressed in this, my will.

" *Lastly.* I revoke all former wills by me at any time made and I declare this to be my last Will and Testament."

To this instrument was attached a codicil, of which the following is a copy:

"I, Charlotte A. Mount, of the City of New York, do make publish and declare the following as a codicil to my last will and testament, bearing date and executed on the fifteenth day of January, 1891.

"I hereby revoke the appointment of Pelham St. George Bissell as executor of my said will, and I hereby appoint in his stead Francis L. Adrian of the City of New York;

"And I direct that in case either of my said executors shall at my decease be, or shall subsequently become, a non-resident of this State, he may be permitted to serve as such executor without giving bonds.

"In Witness Whereof I have hereunto set my hand and seal the twenty-third day of February, One Thousand Eight Hundred and Ninety-Four.

"CHARLOTTE A. MOUNT.  [L. S.]

" Witnesses.

"WILLIAM KENT,

"T. H. LUDWIG,

"G. TILLOTSON.

" Signed, sealed, published and declared by Charlotte A. Mount the above named testatrix, as and for a codicil to her last will and testament, in the presence of us, who at her request and in the presence of each other have signed our names as witnesses thereto, the twenty-third day of February, 1894.

"WILLIAM KENT, Tuxedo Park, N. Y.

"T. H. LUDWIG, 65 West 12th Street, N. Y. City.

"G. TILLOTSON, 51 West 36th St. N. Y. City."

*W. H. Hamilton,* for the appellants Maria L. Mount and others.

*Warren McConihe,* special guardian for the appellant Wilbur Haynes Kirkham.

*Charles F. Brown,* for the respondents.

Decree affirmed, with costs, on opinion of surrogate.

Present — O'BRIEN, P. J., PATTERSON, INGRAHAM, MCLAUGHLIN and HATCH, JJ.

The following is the opinion of Hon. ABNER C. THOMAS, surrogate:

THOMAS, S.:

The primary purpose and wish of the testatrix was to provide for her sister, Susan Mount. The trust of her residuary estate for the sole benefit of her sister, during her life, is independent of every other provision of the will, and is not part of any general plan or scheme. It must, therefore, be separated from all directions for the subsequent disposition of the trust property and sustained as valid. (*Van Schuyver* v. *Mulford,* 59 N. Y. 426, explaining and distinguishing *Knox* v. *Jones,* 47 id. 389; *Kennedy* v. *Hoy,* 105 id. 134.)

A division of the residuary property is to be made on the death of Susan Mount and a share is then to be set apart for each child of Richard H. Mount, a nephew of the testatrix, who may then be living, or who may have died leaving issue then surviving. The share of each child of Richard H. Mount, then living, is to be held in trust for him for his life, with remainder to his issue. The share of each child of Richard H. Mount who may predecease Sarah Mount, leaving issue, is to vest absolutely in such issue, free from any trust.

At the time of the death of the testatrix Richard H. Mount had two adult sons, who are still living. It is possible that other children of Richard H. Mount may be born during the life of Susan Mount, and the trusts for such after-born children would be void. It is also possible that, at the time for making the division, the only person then in existence entitled to take any share may be a grandson of Richard H. Mount, to whom the entire estate would pass, in absolute ownership. The case presented is one in which the will makes conditional alternative dispositions of a remainder, after a trust now in force, some of which may be valid and some void, and the disposition which will take effect cannot be ascertained until the time for carrying it into effect shall arrive. (*Schettler* v. *Smith,* 41 N. Y. 328; *Fowler* v. *Depau,* 26 Barb. 224, 238.) Until then

discussion as to the ultimate rights of parties in the residuary estate must be academic and abstract; no present necessity requires that any decision be now made; it cannot be done except at the hazard of adjudicating upon the rights of persons who are not parties to the present proceeding, and when the time for division actually arrives the situation may not present any difficulty. Under such a state of facts no decision should be made in this proceeding and at the present time. (*Jones* v. *Hamersley*, 4 Dem. 427; *Wead* v. *Cantwell*, 36 Hun, 528; S. C., affd. *sub nom. Horton* v. *Cantwell*, 108 N. Y. 255; *Ward* v. *Ward*, 16 Abb. N. C. 253; *Davis* v. *Davis*, 86 App. Div. 401.)

The decree admitting the will to probate will adjudge the validity of the trust of personal property for the life of Susan Mount and will also declare and adjudge that the validity of the provisions contained in the will as to the disposition to be made after the death of Susan Mount, of the personal property bound by that trust, cannot now be determined.

Tax costs and settle decree on notice.