CHRISTIAN F. POLL *et al.* Plaintiffs in Error, *vs.* MARY CASH *et al.* Defendants in Error.

*Opinion filed April 23, 1908.*

1. WILLS—*jurisdiction of equity to construe will is incident to its jurisdiction over trusts.* The jurisdiction of a court of equity to construe a will is incident to its general jurisdiction over trusts, and is exercised to insure a correct administration of a power or trust created by the will.

2. SAME—*when no power or trust is involved.* A bill to construe a will cannot be maintained where, even according to the contention of the complainants, there is no trust or power to be executed until the youngest child of the testator has attained majority, which time has not arrived.

3. SAME—*when equity will not take jurisdiction to construe a will.* A court of equity will not take jurisdiction to construe a will the only purpose of which is to give the testator's wife a life estate with remainder to his named children, where the testator's intention is plain although the method of expression is crude, owing to the ignorance of the scrivener.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding.

C. R. IUNGERICH, and THOMAS J. SMITH, for plaintiffs in error.

F. M. & H. I. GREEN, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Champaign county sustained the demurrer of defendants in error to the second amended bill of plaintiffs in error for a construction of the will of Christian Poll, deceased, and the appointment of a trustee to sell the real estate devised by said will and to distribute the proceeds. The complainants elected to stand by the bill and the court dismissed it at their costs.

The facts alleged, which the circuit court adjudged insufficient to authorize the relief prayed for, are as follows:

Christian Poll died on June 10, 1892, leaving a widow, Mary Poll, who was his second wife and is now Mary Cash, wife of William Cash, and three children of his first wife, George Poll, Christian F. Poll and John Poll, the complainants, and two children of the second wife, Emma Poll (now Emma Blanchard) and Frank Poll, his heirs-at-law. At the time of her marriage with Christian Poll, Mary Poll had a child, called Minnie, who became a member of the family of Christian Poll and was called Minnie Poll. She was afterward married to Charles Bialeschki, and died leaving a daughter, Emma Bialeschki. Christian Poll left a last will and testament, which was written by an ignorant person named Magee, and the following is a copy of the will:

"this 26 may 1892

this indenture made this 26 may 1892 the will of Christian poll the Said Christian poll dos apoint mary poll as executoer and administrator of said estate Situated Champaign County illinois the north hafe of South west fractional quarter of Section six 16 in toneship eighteen 18 north range eight 8 east of 3ne p. m. and containing Sixty eight eighh 50/100 68 50/100 acres more or less Said christan poll bequeses all his land and personal property to his wife as long as she may live to rais and surport the younger children and when the youngest child becomes of age the land to be sold and eaqueal devided a mong six children except he share of Said land and personal property as situated in tonlono tonship State of illinois this to remain in full fierce.          CHRIST POLL.

witness WM. SCHNABEL.

F. HUNDEREDPFUND.

witness my hand and seal this 26 day may 1892.

John S. magee a notary.

My heirs is John poll; georg poll, christ poll minny poll eme poll frankey poll."

The will was admitted to probate and the widow qualified as executrix. When the will was made Christian Poll owned the north half of the south-west quarter of section 6, in township 18, north, range 8, east of the third principal meridian, in Tolono township, in Champaign county, and owned the same at his death, but did not own any other lands at the time the will was made or at any time after-

ward. The bill alleged that defendant Mary Cash claimed
a life estate in the land, while complainants contended that
her estate would only continue until the youngest child,
Frank Poll, should, arrive at the age of twenty-one years,
when the land was to be sold and the proceeds equally di--
vided between the five children of the testator and Minnie
Poll, one-sixth to each. The bill alleged that Frank Poll
was still a minor, and asked for the appointment of a guard-
ian *ad litem* for him and the defendant Emma Bialeschki,
the other infant defendant, and it prayed the court to con-
strue the will as contended for by the complainants and to
appoint a trustee to sell the property and to divide the pro-
ceeds, subjecting the share of George Poll to a lien held by
Robert A. Parrett, one of the defendants.

The court did not err in sustaining the demurrer and
dismissing the bill. The equitable jurisdiction to construe
wills is incident to the general jurisdiction over trusts, and
it is exercised to insure a correct administration of a power
or trust conferred by will. (*Whitman* v. *Fisher,* 74 Ill. 147;
*Longwith* v. *Riggs,* 123 id. 258.) Even upon the theory
of complainants, there would be no power or trust to be
executed until Frank Poll should be of age. The bill did
not state the age of Frank Poll, but stated that he was still
a minor and the time for a sale of any property subject to
sale had not arrived. There was no necessity for invoking
the judgment of the court concerning a controversy which
had not yet arisen, and even if complainants were right in
their construction of the will, there was no power either to
divest the widow of her estate or to compel her to take
the value of it or to sell the property subject to her estate.
Furthermore, the question raised was neither difficult nor
doubtful, and there was no such uncertainty as to the rights
and interests of the parties as would call for the interposi-
tion of a court of equity. The intention of the testator is
plain although the method of expression is crude, owing to
the ignorance of the notary. In directing a sale of land and

a division of the proceeds the testator expressly excepted the land situated in Tolono township, and as to that land declared that the will was to remain in full force. As it was excepted from the provisions for a sale and the will was to remain in full force as to it, the testator could have meant nothing else except that the widow was to have the life estate devised to her. The testator had no other land, but he had a right to provide for the contingency that he might by some means become the owner of other property and to direct the same to be sold. Although the will was the product of an illiterate and ignorant scribe, the intention of the testator that his widow should have a life estate and that the remainder should go to persons whom he named as his heirs is not in doubt.

The decree of the circuit court is affirmed.

*Decree affirmed.*