**ELY et al. v. MOORE et al.** (No. 2839.)

Court of Civil Appeals of Texas. Amarillo. June 8, 1927.

Rehearing Denied Sept. 7, 1927.

1. **Wills** ⟜692, ·693(5)—**Life tenant's devise of property held not disposition thereof in lifetime authorized by will, so as to give devisee fee-simple estate.**

Where will devised land, and first codicil thereto gave devisee power of disposition during lifetime, and on her death without heirs of body devised it over, and second codicil in authorizing sale or conveyance by trustees for reinvestment used same language employed in first codicil in reference to devisee's disposition of property during lifetime, such devisee's devise to her husband was not disposition in her lifetime contemplated by will and did not give him right thereto as against remainderman under first will.

2. **Judgment** ⟜735—**Judgment construing will in favor of minor and unmarried devisee, who had life interest with power of disposition, held not res adjudicata of questions involving future contingent interest of remaindermen.**

Where will devised property, and first codicil gave devisee power of disposition during lifetime but devised over on her death if property was not disposed of during her lifetime, and second codicil provided that if she died without issue property should go to same parties, former judgment construing items of will to give such devisee property under conditions of will rather than to residuary devisees in codicil, while such devisee was minor and unmarried, did not decide questions involving future contingent interest of remaindermen.

3. **Remainders** ⟜11—**Devisee held not tenant in common with remaindermen, giving her husband right to recover amount expended by her for improvements.**

Although two devisees were tenants in common and bore expenses of improvements of property equally and shared equally in revenues, on death of one without issue causing contingent remainder under will to pass to such other tenant in common and others, such deceased devisee was not tenant in common with those acquiring such contingent remainder so as to give her husband right to recover money expended by her during her lifetime for improvements on property.

4. **Life estates** ⟜17—**Estate in remainder cannot be charged with expenses of permanent improvements by life tenant.**

Estate in remainder cannot be charged with expenses of permanent improvements placed on property by life tenant.

Appeal from District Court, Grayson County; F. E. Wilcox, Judge.

Suit by B. H. Moore and others against Silas H. Ely and others for partition. From a judgment for plaintiffs, defendants appeal. Affirmed.

See, also, 297 S. W. 791.

Head, Dillard, Smith, Maxey & Head, of Sherman, for appellants.

Freeman, McReynolds & Hay, of Sherman, for appellees,

JACKSON, J. This is a partition suit instituted in the district court of Grayson county, Tex., by the plaintiffs B. H. Moore, F. A. Moore, W. M. Moore, Mrs. Pearl Young and husband, A. A. Young, Mrs. Ruby Jackson and husband, W. C. Jackson, Mrs. Garnett Armstrong, a widow, Mrs. Maude Sawyer,

a widow, Mrs. Zelma Schwartz and husband, R. H. Schwartz, Clarence Moore, B. S. Moore, and E. V. Moore, as plaintiffs, against the defendants Silas Ely and Mrs. Annie Rainey, a widow, who is alleged to be non compos mentis, and the Commercial National Bank of Sherman, Tex., guardian of the estate of the said Mrs. Annie E. Rainey.

The plaintiffs allege that they are grandchildren of and, together with Mrs. Annie E. Rainey, are the sole and only heirs at law of Mrs. M. B. Moore, deceased, and that plaintiffs and defendants are the owners of a part of lots 5 and 6 in Block 7 of the O. T. P. of the city of Sherman, Tex.; that of the above-described property Mrs. Annie E. Rainey is the owner in fee simple of an undivided $\frac{37}{64}$ths; Mrs. Maude Sawyer, the daughter of Mrs. Mary V. Keys, deceased, is the owner of an undivided $\frac{5}{64}$ths; B. H. Moore, F. A. Moore, W. M. Moore, Pearl Young, and Garnett Armstrong, the children of A. B. Moore, deceased, together own in fee simple an undivided $\frac{5}{64}$ths; Clarence Moore, Zelma Moore Schwartz, B. S. Moore, and E. V. Moore, the children of Ed Moore, deceased, together own in fee simple an undivided $\frac{5}{64}$ths; that the defendant Silas Ely, the husband of Mrs. Mattie S. Ely, who died April 10, 1924, is claiming and asserting title to an undivided one-half interest in said property, but in truth and in fact is the owner in fee simple of $\frac{12}{64}$ths thereof, but has been collecting and appropriating the revenue derived from one-half of said property, amounting to $32.50 per month; that the property is of the reasonable value of $7,500 and is of the reasonable rental value of $65 per month; that a fair and equitable division of the property in kind cannot be had; and they ask that a receiver be appointed by the court, an accounting had of the rents and revenues collected, the property sold and the proceeds distributed in accordance with the respective interests of the parties to the suit.

The Commercial National Bank, as guardian of the estate of Mrs. Annie Rainey, who is admitted to be non compos mentis, answered adopting the pleadings of the plaintiff, and asking relief for its ward in accordance therewith.

The defendant Silas H. Ely answered by general demurrer and general denial and pleaded that in a suit numbered 9,900, styled J. P. Loving v. Annie Rainey, in the district court of Grayson county, Tex., in 1895, the plaintiffs and their representatives were parties, and the will of Mrs. M. B. Moore, deceased, under which plaintiffs seek to recover, was construed, and the property involved in this suit awarded in equal portions to the defendant Mrs. Annie Rainey and his deceased wife, who at that time was Martha Laura Steedman.

That in said suit the rights of the plaintiffs were adjudicated, and the judgment rendered therein was affirmed by the Court of Civil Appeals (36 S. W. 335). That subsequent to the rendition of said judgment, J. P. Loving, the executor of the estate of Mrs. M. B. Moore, deceased, under the will of whom the plaintiffs claim, executed and delivered his deed to Annie E. Rainey and Mattie Laura Steedman, conveying all of the right, title, and interest of the said Mrs. M. B. Moore, deceased, in and to said property, at the time of her death, and that by reason of the above facts the plaintiffs are estopped to assert any right in and to the property involved in said suit.

The defendant Silas Ely further pleads that if a fee-simple title to an undivided one-half interest in the property did not pass to his wife, by the will of her grandmother, Mrs. M. B. Moore, then he alleges that after the death of Mrs. M. B. Moore, his wife executed a will which was duly probated, by the terms of which she disposed of the property and he became the owner of a one-half interest in said property; that the defendants, believing under the will of Mrs. M. B. Moore, deceased, and the deed of the executor that they were the owners of said property, have had adverse possession thereof and made valuable improvements thereon, for which they expended certain moneys, the details of which are fully and specifically stated, and asks that if judgment be rendered for plaintiffs for the premises he be paid for one-half the value of said improvements.

The plaintiffs in a supplemental petition replied to defendants' answer by general demurrer and general denial; admitted that in cause No. 9900 (Jesse P. Loving v. Annie Rainey et al.) the plaintiffs and their representatives were parties, and a judgment rendered in said cause was affirmed by the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, at Dallas. They allege that said suit was prosecuted for the purpose only of construing certain paragraphs of the will of Mrs. Martha B. Moore, and set out in full items 6 and 9 of said will and item 6, 9, and 10 of the second codicil, parts of the pleading, and the agreed statement of facts, and claim there was no construction of the entire will, and that the issues involved in this controversy were not raised by the pleading or determined by the judgment, because at that time no necessity existed for the construction of the entire will, or the determination of the future interest in the property accruing to plaintiffs, which were contingent upon the death of Mattie Laura Steedman, without issue.

It is unnecessary to set out more fully the pleading, judgment, and agreed statement of facts in cause No. 9900, pleaded by the plaintiffs in their supplemental petition, but we deem it sufficient to state that it properly presented the facts by which it is sought to controvert defendants' pleas of estoppel and res judicata.

The case was submitted to the court without the aid of a jury, and judgment rendered sustaining the contention of plaintiff as to the respective interests of the parties to the suit in the property involved; that it could not be equitably partitioned in kind; a receiver was appointed, a sale directed, and a disposition of the proceeds ordered among plaintiffs and defendants, in accordance with their respective interests as alleged in plaintiffs' petition, and that the plaintiffs and the defendant bank, for Mrs. Annie Rainey, recover in proportion to their respective interests in the property from the defendant Silas Ely, the sum of $431.18, on account of rents collected on the property and appropriated by him since April 10, 1924, from which judgment this appeal is prosecuted.

The appellant presents as error the action of the trial court in rendering judgment in favor of plaintiffs and the defendant Mrs. Annie Rainey for $^{52}/_{64}$ths of the property, or the proceeds thereof, because his deceased wife was the owner in fee simple of $^{12}/_{64}$ths of the property, independent of the will and the two codicils thereto of Mrs. M. B. Moore, and $^{20}/_{64}$ths of said property passed to his deceased wife by the provisions of said will and codicils, which vested in her $^{32}/_{64}$ths of the property and the proceeds thereof, all of which was devised to him by the duly probated will of his deceased wife.

The will of Mrs. M. B. Moore and the codicils thereto are copied in full in the case of Loving et al. v. Rainey et al., reported in (Tex. Civ. App.) 36 S. W. 335, and the provisions of said will and codicils pertinent to a consideration of this appeal, are set out in the opinion written by Chief Justice Hall and this day handed down by this court in the case of Will O. Eubank et al. v. B. H. Moore et al., 297 S. W. 791, and reference is here made to said opinions for the terms and provisions of the will and the codicils thereto.

Martha Laura Steedman, the grandaughter of Mrs. M. B. Moore and the deceased wife of Silas H. Ely, endeavored to dispose of the property by will, and died without issue.

[1] Appellant's contention, that under said will and codicils $^{20}/_{64}$ths of the property passed to his deceased wife, is decided against him in the case of Will O. Eubank et al. v. B. H. Moore et al., supra. His contention, that inasmuch as his deceased wife, during her lifetime, by her will devised all of her property to him, she made a disposition of the property as provided in the first codicil to the will of Mrs. M. B. Moore, deceased, and he thereby acquired title thereto, is, in our opinion, not tenable because not such a disposition of the property as intended by the testatrix, as evidenced by the provisions of such codicil. The second codicil in authorizing a sale or conveyance by the trustees for reinvestment uses the same language employed in the first codicil in reference to a disposition of the property by appellant's deceased wife, and words used in the different parts of the same will are presumed to have the same meaning, and it is manifest that the disposition of the property by the trustees for reinvestment was to be made by a sale and conveyance, and not by will, and we think it clear that the language of the first codicil providing that the appellant's deceased wife dispose of the property during her lifetime, if not controlled by the language of the second codicil, would not include a testamentary disposition which could only take effect after her death. McMurry v. Stanley, 69 Tex. 227, 6 S. W. 412; Sherman v. Goodson's Heirs (Tex. Civ. App.) 219 S. W. 839; Connely v. Putnam, 51 Tex. Civ. App. 233, 111 S. W. 164.

[2] Appellant by proper assignments assails as error the action of the trial court in rendering judgment against him and in favor of appellees, because the judgment of the district court in cause No. 9900 (Loving v. Annie Rainey et al.), affirmed by the Court of Civil Appeals, was a construction of the entire will and conclusive that the fee-simple title to the property vested in Annie Rainey and the deceased wife of appellant, and the contention of appellees to the contrary is a collateral attack on said judgment. The judgment in cause No. 9900 in the district court is in effect that, under items 6 and 9 and the terms and conditions of the will, all the right of Mrs. M. B. Moore in the property here involved passed in equal portions to Annie Rainey and the deceased wife of appellant, and ordered the executor to deliver such property to such parties "under the terms and conditions set forth in the will" by an executor's deed. The case was appealed on an agreed statement of facts which stipulates:

"The court held that, under the terms of said item 6 and item 9 of said will, and under the facts admitted, said property referred to in item 6, and which is fully described in the judgment of the court, passed to and for the benefit of Martha Laura Steedman and Annie Rainey. The question for the Court of Civil Appeals to decide is, Did the trial court err in holding that said property passed to the said Annie Rainey and Martha Laura Steedman, and for their benefit under the terms of said will, or does it go to the residuum devised in item 7, of the codicil dated April 10, 1894, by reason of the fact that the said Juliet Moore never recovered from the mental derangement mentioned in said item 6 and item 9."

The Court of Civil Appeals states the question to be determined by it, as follows:

"The case is presented as an agreed case, and the question for the court to decide is stated thus: 'Did the trial court err in holding that said property passed to the said Annie Rainey, and Martha Laura Steedman. and for their benefit, under the terms of said will, or does it go to the residuum devised in item 7, of the codicil, dated April 10, 1894, by reason of the fact that the said Juliet Moore never

recovered from the mental derangement mentioned in item 6, and item 9?'"

. In this opinion it is decided that the property in controversy was not a part of the residue remaining after certain devises had been made, but passed to Annie E. Rainey and the deceased wife of appellant, for their benefit, under the conditions of the will. The condition of the first codicil provides that unless the property was disposed of during the life of appellant's deceased wife. it should go to the appellees; the condition of the second codicil provides that if she died without issue, the property should go to the appellees.

At the time of the decision of cause No. 9900, Martha Laura Steedman, who afterwards became the wife of appellant, was a minor and unmarried. It could not then be determined whether she would sell and convey the property, or whether she would die without issue, or what person or persons would be entitled to participate as beneficiaries in the distribution of the property, in the event she failed to sell the same, and died without issue, and in our opinion the decision did not decide questions involving the future contingent interest of the beneficiaries who are the appellees in this case. Kidder v. Kidder (N. J. Ch.) 56 A. 156; Hall v. Cogswell, 183 Mass. 521, 67 N. E. 644; Bullard v. Chandler, 149 Mass. 532, 21 N. E. 951, 5 L. R. A. 104; Bonnell's Ex'rs v. Bonnell, 47 N. J. Eq. 540, 20 A. 896; Heptinstall v. Newsome, 146 N. C. 503, 60 S. E. 416; Davis v. Davis, 86 App. Div. 401, 83 N. Y. S. 784; Seibert v. Miller, 34 App. Div. 602, 55 N. Y. S. 593; Meacham v. Graham, 98 Tenn. 190, 39 S. W. 12; Poll v. Cash, 234 Ill. 53, 84 N. E. 719; Devecmon v. Shaw, 70 Md. 219, 16 A. 645; Wahl v. Brewer, 80 Md. 237, 30 A. 654.

The Commission of Appeals in Benavides v. Garcia, 290 S. W. 739, speaking of the effect of a former opinion by the court of Civil Appeals (283 S. W. 611), in which the provisions of a will were construed, says:

"This conclusion is not predicated upon any theory or rule of res adjudicata or estoppel whatever. It is rather based upon the doctrine of stare decisis, which as a matter of public policy and sound legal administration requires the courts in the decision of cases to observe a proper respect for the prior decisions of the highest court. While the rule is not unbending, and the courts are not without power to depart from a prior ruling, or of course to overrule it, where cogent reasons exist, and where the general interest will suffer less by such departure, than from a strict adherence (Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 803, 53 Am. St. Rep. 770), yet, a due regard for the stability of rights acquired under the law as announced by the highest court of the state, to say nothing of the propriety of uniformity of decision by that court, requires that when a question of law has been definitely settled once it should remain the law unless there exists the strongest reasons for changing it."

If the case of Loving v. Rainey, supra, was a construction of the entire will, and properly interpreted means that Mrs. M. B. Moore's will and codicils thereto vested in the deceased wife of appellant a fee-simple title to 20/64ths of the property here under consideration, then the same construction and interpretation would vest in the children of A. B. Moore a fee-simple title to the property devised to them by Mrs. M. B. Moore. This was the construction placed upon the will and codicils thereto and the conclusion reached by the Court of Civil Appeals in Dulin v. Moore et al., 69 S. W. 94. This last decision was on writ of error reviewed by the Supreme Court (Dulin v. Moore, 96 Tex. 135, 70 S. W. 742), and in the opinion written for that court by Chief Justice Gaines it is held that the title of the property devised to the children of A. B. Moore, deceased, vested in the trustees with the authority of sale for reinvestment, and that the fee-simple title to said property did not vest in said devisees.

The presumption is that the Supreme Court was cognizant of the opinion in the case of Loving v. Rainey, supra, at the time it announced its construction of the will and the codicils in Dulin v. Moore, supra. The Supreme Court did not construe the opinion to hold that the will and the codicils vested in the devisees the fee-simple title to the property bequeathed, or, if it did so construe said opinion, it declined to follow such holding, hence we conclude that the judgment in cause No. 9900 is not binding on appellees in this controversy.

[3] Appellant challenges as error the action of the trial court in failing to allow him the sum of $300 expended by his wife during her lifetime for improvements on the property. It is admitted that Mrs. Rainey owned an undivided one-half interest in the property before the death of Mrs. Ely, who, independent of the will of Mrs. M. B. Moore, owned an undivided 3/16ths of the property in fee simple; that they improved the property, each paying one-half of the expenses thereof, and each receiving one-half of the revenues derived therefrom, which exceeded all expenses—taxes, insurance, repairs, improvements, etc.; that the improvements placed on the property by them enhanced its value in the sum of $600.

During the life of Mrs. Ely, she and Mrs. Rainey were tenants in common, bearing equally the expenses and sharing equally the revenues derived from the property. The ultimate ownership of the 20/64ths of the property was to be determined on the contingency of Mrs. Ely's death, with or without issue. Having died without issue, said 20/64ths as a contingent remainder passed by the will of Mrs. M. B. Moore to Mrs. Rainey and the other appellees, and Mrs. Ely was not a ten-

ant in common with those who acquired such contingent remainder.

[4] It seems to be settled in Texas that the estate in remainder cannot be charged with the expenses of permanent improvements, placed on the property by the life tenant. Clift v. Clift, 72 Tex. 144, 10 S. W. 338; Heidelberg v. Behrens (Tex. Civ. App.) 85 S. W. 1029; Dearing v. Jordan, 62 Tex. Civ. App. 107, 130 S. W. 876; Burns v. Parker (Tex. Civ. App.) 137 S. W. 705; Richmond v. Sims (Tex. Civ. App.) 144 S. W. 1142; 2 Perry on Trusts, par. 552; 17 R. C. L. 535; 23 R. C. L. 568; 16 Cyc. 629.

Finding no error in the record, the judgment of the trial court is affirmed.