### ELY et al. v. MOORE et al. (No. 1090–4986.)

Commission of Appeals of Texas, Section A. Dec. 12, 1928.

Head, Dillard, Smith, Maxey & Head, of Sherman, for plaintiffs in error.

Freeman, McReynolds & Hay, of Sherman, for defendants in error.

NICKELS, J. May 30, 1895, Loving, executor of the will of Mrs. Martha B. Moore (deceased July 3, 1894), and Dulin, as trustee under said will for certain devisees and legatees and also as guardian of the estate of Mattie Laura Steedman, and joined also by

devisees and legatees under the will, brought suit in the district court of Grayson county, Tex., against Mrs. Annie Rainey, a feme sole, and devisee and legatee under the will. All parties at interest in the present case were parties directly or by representation in that suit brought in 1895. Except for formal parts, the petition then presented reads as follows:

"That on to-wit 3rd day of July, 1894, one Mrs. M. B. Moore died in Grayson County, Texas, which was then the county of her permanent domicile leaving a will dated the 14th November, 1889, a codicil thereto dated 18th Febry 1890 and a second codicil dated 10th April, 1894, that said instruments have been admitted to probate by the County Court of Grayson County, Texas, as the last will and testament of the deceased. By said will the said Jesse P. Loving is appointed sole executor thereof and he has qualified as such executor and is now acting as such. The said will provides that the courts are not to have anything to do with the estate of the deceased further than probating the will and approving the inventory and appraisement of the property.

"The 6th item of said will reads as follows:

"'Item 6: My daughter, Juliet F. Moore, is now and has for some time been a sufferer from mental derangement and I am at present the guardian of her estate. So long as her said disability shall continue it is my will that she have the revenues, profits, use and full enjoyment of my business lot fronting on the west side of South Travis Street in the city of Sherman, said lot being X feet and having on it a one story brick business house. In case of her recovery and full removal of said disabilities, it is my will that the title to said property, as well as the revenues thereof, shall immediately vest in the said Juliet F. Moore, Anna Rainey and Mattie Laura Steedman as tenants in common in fee simple.'

"The lot on Travis St. referred to in said item 6 is set forth by metes and bounds as follows: Situated in the county of Grayson and state of Texas, and city of Sherman on the W. side of said street, being parts of lots 5 and 6 in block 7, O. T. P. and being lot 5 and described in partition suit, styled Edwin Moore v. M. B. Moore, said decree of partition in Vol. J. of the records of the Dist. Court of Grayson County, page 499. Beginning at a stake on W. side of Travis St. being the S. E. corner of lot 6, thence N. 16 W. 25 ft. thence S. 74 W. 75 ft. Thence S. 16 E. 25 ft. Thence N. 74 E. 75 ft. to the place of beginning.

"Item 9 of said will is as follows:

"'Item 9. Notwithstanding the fact that the language used in this will is comprehensive and broad enough to pass unto my daughter Juliet F. Moore the fee simple title to such of the property as I have left her, such is not and was not my intention. All property left her except the property described in Item 6 may be sold by her guardian under proper orders from the probate court just the same as if she had fee-simple titles and any deeds so executed will convey perfect titles, but if the said Juliet F. Moore should die while still laboring under the disabilities already referred to, the property here devised and bequeathed unto said Juliet F. Moore shall not pass to her heirs at law, but shall vest in Anna Rainey and Martha Laura Steedman share and share alike.

"'So soon as said disabilities shall cease and her reason be fully restored, the property devised and bequeathed to said Juliet (subject to limitations contained in Item 6) shall be hers absolutely in fee simple.' A copy of said will and codicils is hereto attached marked Exhibit A and made a part of this petition.

"After the execution of said will and the first codicil, but before the second codicil was executed, the said Juliet F. Moore died, never having recovered from said disabilities. All of the parties to this suit both plaintiffs and defendants except Jesse P. Loving, James R. Steedman, John W. Finley, R. R. Dulin and Sawyer are devisees and legatees under said will.

"In said will H. M. Tuck was named as trustee of the estate of the children of A. B. Moore, but he failed and refused to accept such trust and J. W. Finley was duly appointed such trustee instead.

"That said executor is now ready to partition the property devised by said will as said will directs, but a controversy has arisen between said devisees and some of them are claiming that the property mentioned in Item 6 of said will since the death of said Juliet F. Moore,' is devised to Mrs. Annie Rainey and Mattie Laura Steedman in equal parts in fee simple while others claim that the said property is a part of the residuum of the estate. The said executor not being learned in the law governing in such matters and wishing to perform his duty under said will and avoid litigation brings this suit in connection with his co-plaintiffs and asks this court to construe said sections 6 and 9 and instruct said executor as to his duty in regard to the disposition of said property by him under said will.

"Petitioners pray that citation may issue and that on final hearing a decree may be rendered instructing said executor as to what disposition he shall make of said property in the partition of said estate. Petitioners pray for costs of suit for general relief and as in duty bound will ever pray."

The answer (if any) filed in that case is not disclosed otherwise than by such description thereof as there may be in the judgment.

Trial of the case in the district court resulted in a judgment reading as follows:

"On this the 27th day of July, 1895, this

cause came on to be heard, whereupon came the plaintiffs Jesse P. Loving, as executor of the will of M. B. Moore, deceased, Edwin Moore, Pearl Moore for themselves, Ruby Moore, Garnet Moore, Benjamin Moore, Middleton Moore and Frank Moore suing by their next friend, R. R. Dulin, and R. R. Dulin for himself and as Trustee for Pearl Moore, Ruby Moore, Garnet Moore, Middleton Moore, Benjamin Moore, Frank Moore and Mattie Laura Steedman, and as guardian of Mattie Laura Steedman, Ewing Rainey, Walter Rainey, Robert Rainey, Jesse Rainey suing by their next friend, J. W. Finley, and J. W. Finley as their Trustee and as guardian for Annie Rainey, Maude Sawyer and her husband, D. Sawyer, and Mattie Laura Steedman and Annie Rainey, a Non Compos, appearing by her guardian duly appointed, J. W. Finley, and no jury being demanded, all matter of fact and of law were submitted to the court and there was submitted to the court for construction the following items of the will of M. B. Moore, deceased, to-wit:

" 'Item 6th: My daughter, Juliet F. Moore, is now and has for some time, been a sufferer from mental derangement, and I am at present the guardian of her estate. So long as her said disability shall continue, it is my will that she have the revenues, profits, use and full enjoyment of my business lot fronting on the west side of South Travis Street in the City of Sherman, said lot being X feet and having on it a one story brick business house. In case of her recovery and full removal of said disabilities, it is my will that the title to said property, as well as the revenues thereof, shall immediately vest in the said Juliet F. Moore, Anna Rainey and Mattie Laura Steedman as tenants in common in fee simple.

" 'Item 9: Notwithstanding the fact that the language used in this will is comprehensive and broad enough to pass unto my daughter, Juliet F. Moore, the fee simple title to such of the property as I have left her, such is not and was not my intention. All property left her, except the property described in Item 6, may be sold by her guardian under proper orders from the Probate Court, just the same as if she had fee-simple title and any deeds so executed will convey perfect titles, but if the said Juliet F. Moore should die while still laboring under the disabilities already referred to, the property here devised and bequeathed unto the said Juliet F. Moore shall not pass to her heirs at law, but shall vest in Anna Rainey and Martha Laura Steedman, share and share alike. So soon as said disabilities shall cease, and her reason be fully restored, the property devised and bequeathed to said Juliet F. Moore (subject to limitations contained in Item 6) shall be hers absolutely in fee simple.'

"And the court being fully advised in the premises, doth consider, adjudge and decree as follows:

"That under said Items and the terms and conditions of the said will, that the property named in Item Six and described as follows, to-wit:

"Situated in the county of Grayson, State of Texas, and City of Sherman, being parts of lots 5 and 6 in block 7, O. T. P. and being lot 5 as described in partition suit, styled Edwin Moore vs. M. B. Moore, said decree of partition in Vol. J of the Records of the District Court of Grayson County, Texas, page 449.

"Beginning at a stake on the W. side of Travis Street, being S. E. corner of Lot No. 6;

"Thence N. 16 W. 25 ft; Thence S. 74 W. 75 ft; Thence S. 16 E. 25 feet; Thence North 74 E. 75 feet to the place of beginning, does pass as to all right, title and interest owned by M. B. Moore at the time of her death to Annie Rainey and Martha Laura Steedman, in equal proportions and it is ordered, adjudged and decreed by the Court that all said estate and interest of the said M. B. Moore, deceased, does so pass and by the executor shall be so partitioned and delivered under the terms and conditions set forth in the will. It is further ordered, adjudged and decreed by the Court that the executor shall pay all costs of this proceeding and said Maud Sawyer excepts to this judgment and conclusions of the Court and in open Court gives notice of appeal to the Court of Civil Appeals of Texas, for the Fifth Supreme Judicial District sitting at Dallas."

Maud Sawyer perfected her appeal to the honorable Court of Civil Appeals, Fifth District, where, on May 30, 1896, the judgment of the district court was in all things affirmed. Loving v. Rainey, 36 S. W. 335. That judgment of affirmance became and remains final.

The present case involves land included in "Item 6," and includes effort to divest Ely of title deraigned from Martha B. Moore through Martha Laura Steedman in consonance with the judgment above mentioned interpreted as vesting fee simple in Annie Rainey and Martha Laura Steedman. All of the other parties (including Annie Rainey) join in that effort, and pray partition and for certain rents alleged to be due by Ely. Relief prayed was allowed in the trial court; that judgment was affirmed by the Court of Civil Appeals, Seventh District. 297 S. W. 795. Ely's claim in pleading and proof is supported inter alia by assertion of the former adjudication and its estoppel.

### Opinion.

Of the petition filed in 1895 it is observable: (a) The will of November 14, 1889, the codicil of February 18, 1890, and the codicil of April 10, 1894, are declared to be (and to have been probated), and are treated as, "the last will and testament of the deceased" under which Loving became "sole executor."

(b) "Item 6" of the "will," declaring "fee simple" title in Juliet F. Moore, Anna Rainey, and Mattie Laura Steedman "as tenants in common" in event of disappearance of certain disabilities in Juliet, is averred in haec verba as is "Item 9" of the "will," in which it is declared that the property described in the devise to Juliet in "Item 6" shall vest in Anna Rainey and Martha Laura Steedman "share and share alike," in the event Juliet "should die while laboring under the disabilities * * * referred to." (c) Death of Juliet while yet under the disabilities mentioned is averred. (d) It is presented that the "executor is now ready to partition the property devised by said will as said will directs" and "desires to perform his duty under said will," but "a controversy has arisen between said devisees" (i. e., all of them), in that "some of them are claiming that the property mentioned in Item 6 of said will since the death of Juliet * * * is devised to Mrs. Annie Rainey and Mattie Laura Steedman in equal parts in fee simple while others claim that said property is a part of the residuum of the estate" (i. e., subject to a different disposition). (e) Because of existence of that "controversy," and for the purpose of "avoiding litigation," etc., "said executor * * * in connection with his co-plaintiffs" (i. e., all devisees and legatees and their representatives, except Mrs. Rainey who was made a defendant), it is said, "bring this suit and ask this court to construe said items 6 and 9 and to instruct said executor as to his duty in regard to the disposition of said property by him under said will," etc.

Thus, there was tendered for adjudication, instructions, etc., the exact question whether Annie Rainey and Mattie Laura Steedman took in fee simple, "share and share alike," or whether they (with others) took in the different manner provided for the "residuum" in respect to the property described in "Item 6." Such was the "controversy" which existed and gave cause for the litigation and which was passed to the court for resolution.

Thereupon it was adjudged: (a) "Under said Items" (i. e., 6 and 9), and under "the terms and conditions of the said will," the "property named in Item 6" (fully described) and "as to all right, title and interest owned by M. B. Moore" (i. e., testatrix) at the time of her death, "does pass to Annie Rainey and Martha Laura Steedman in equal proportions"; (b) "all said estate and interest of the said M. B. Moore, deceased, does so pass and by the executor shall be so partitioned and delivered under the terms and conditions set forth in said will" (which "terms and conditions" were adjudged as to meaning and effect as already shown).

The "controversy" set up in the petition and whose merits were presented was thus resolved. In its resolution fee-simple title was adjudged in Annie Rainey and Martha Laura Steedman, for such was the quality of estate in Martha B. Moore prior to and at her death. The adjudication was within the issues made in pleading, and the title declared is wholly inconsistent with a remainder, reversion, etc., in others. The judgment was affirmed upon appeal, and became and is yet final.

The rights now asserted by defendants in error as against Ely are founded in presupposition of a different quality of title and a different quantum of interest in Martha Laura Steedman in respect to the land involved (and described in said "Item 6"). All the parties now present were in person or by representation present in the former suit. And, in our opinion, the bases of the present claim by defendants in error cannot be relitigated.

It may be that the former "controversy" was wrongly decided. In the situation presented an inquiry to that end is not important, for res judicata exerts a force to achieve a repose sometimes incident to the paradox wherein that becomes white " * * * which is black, and straight that which is crooked. Facit excurvo rectum, ex albo nigrum. No other evidence can afford strength to the presumption of truth it creates, and no argument can detract from its legal efficacy." Jeter v. Hewitt, 22 How. 352, 16 L. Ed. 345. Why it is so has often been expounded; the fact that it is so renders immaterial all questions about accuracy, vel non, of the former adjudication or about the meaning of the will.

We recommend that the judgments of the district court and Court of Civil Appeals be so reformed as that the property in question be established in Mrs. Annie Rainey and Silas H. Ely in equal portions, and so as that defendants in error (including Mrs. Annie Rainey) be denied recovery against Silas H. Ely as for rents, and that (as thus reformed) the judgments be affirmed, with costs taxed against defendants in error (including Mrs. Annie Rainey).

GREENWOOD and PIERSON, JJ. Judgments of the district court and Court of Civil Appeals reformed, and, as reformed, affirmed, as recommended by the Commission of Appeals.