Irving H. Saypol, J.
Motion to settle supplemental, intermediate and final accounts of inter vivos trustees and for construction is granted as indicated.
The trust was created in 1931 pursuant to the decree in a proceeding before the Surrogate (Surrogate’s Court, N. Y. County, 29 May, 1931, p. #1959/1930, Matter of Vought). The settlor is the life tenant, her two unobjecting sons are the secondary life tenants with contingent remainders depending upon survivorsMp and their infant issue are contingent remain *985 dermen. The instrument provides in paragraph 7 that “ All stock dividends and extraordinary cash dividends shall be considered as income and be paid to the income beneficiary thereto entitled ’ ’. The trust is expressly made irrevocable except as to administrative provisions and also provides for invasion of principal in favor of the secondary life tenants. The petitioners seek construction as to stock dividend allocation and the primary life tenant seeks them as income and also objects to other allocations by the trustees of stock dividends which have been credited to principal. The special guardian for the contingent infant interests seeks a construction that all stock dividends belong to principal. He also asks for a reformation of the trust which is at once overruled as beyond the scope of this proceeding and unwarranted as purely hypothetical (Matter of Mount, 107 App. Div. 1, affd. 185 N. Y. 162). The objections and construction prayed for by the settlor-life tenant are sustained and the objections of the special guardian are overruled. When, as here, by the expressed choice of the settlor of the trust created in 1931 (and controlled by the provisions of Personal Property Law [§ 17-a, eff. in 1926], and as therein authorized), she undertook to take it out of the usual operative effect of that statute as to “ all stock dividends ” it meant that universally (Matter of Lloyd, 292 N. Y. 280, 285). For the words “ stock dividends ” in that statute have been held to be all embracing (Matter of Ryan, 294 N. Y. 85) when applied to a trust controlled by the statute. The expression of a choice forecloses a retreat to an allocation as required under the rule in Matter of Osborne (209 N. Y. 450). The choice was the settlor’s (Matter of Lloyd, supra). The guardian’s appointment is extended to include the interest of the newly discovered interest of the infant Craig Vought whose interest is the same as those presently represented by the special guardian (Civ. Prac. Act, § 1311). Let the accounts otherwise held to be proper be adjusted and recast accordingly and commissions be recomputed. Allowances will be fixed in the final order to be settled with the revision of the account.